AUSTIN KNUDSEN
Montana Attorney General
KRISTIN HANSEN
  *Lieutenant General*
DAVID M.S. DEWHIRST
  *Solicitor General*
BRENT MEAD
  *Assistant Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
david.dewhirst@mt.gov
brent.mead2@mt.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| BOB BROWN, HAILEY SINOFF; and DONALD SEIFERT<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>Christi Jacobsen, in her official capacity as Montana Secretary of State,<br>　　　　　Defendant. | Cause No.<br>6:21-cv-92-PJW-DWM-BMM<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY TO STAY PROCEEDINGS** |

Defendant submits this brief in support of its motion to dismiss, or

alternatively, to stay proceedings.

## I. Motion to Dismiss

"Article III of the Constitution empowers us to adjudicate only live cases or controversies, not to issue advisory opinions or to declare rights in hypothetical cases." *Safer Chems. v. United States EPA*, 943 F.3d 397, 410 (9th Cir. 2019) (cleaned up).  Case or controversy limitations help "the federal judiciary to avoid intruding impermissibly upon the powers vested in the executive and legislative branches …." *Id.*  "Ripeness is one of the justiciability doctrines … use[d] to determine whether a case presents a live case or controversy." *Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018).

"[Ripeness] is peculiarly a question of timing. Its basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal citation and quotation omitted); *see also Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010).  "[A]

traditional ripeness inquiry" evaluates both "a constitutional and a pru-dential component." *Clark*, 899 F.3d at 809.

As stated in prior briefing, Plaintiffs' reapportionment challenge suffers a fatal ripeness defect. *See* (Doc. 8 at 13–22). Under either con-stitutional or prudential considerations, Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction. *See generally* (Doc. 8).

## II. Alternative Motion to Stay Proceedings

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Lan-dis v. N. American Co.*, 299 U.S. 248, 254 (1936). Courts enjoy broad discretion in determining whether the circumstances of a particular case justify a stay. *See Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). Courts must balance "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). These interests include: (1) the possible dam-age which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or

complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id*.

As stated in prior briefing, this case should be stayed until the Montana Legislature fails to timely reapportion after having an adequate opportunity to do so. *See e.g.* (Doc. 8 at 30–31).  For the reasons stated in prior briefing, this panel possesses adequate time to reapportion in the event the Montana Legislature fails to timely do so. *See generally* (Doc. 8).

DATED this 12th day of January, 2022.

AUSTIN KNUDSEN
Montana Attorney General

KRISTIN HANSEN
 *Lieutenant General*

DAVID M.S. DEWHIRST
 *Solicitor General*

 */s/ Brent Mead*
BRENT MEAD
 *Assistant Attorney General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
p. 406.444.2026
brent.mead2@mt.gov

*Attorney for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 504 words, excluding tables of content and authority, certificate of service, certificate of compliance, and exhibit index.

/s/    *Brent Mead*
BRENT MEAD

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: January 12, 2022        /s/    *Brent Mead*
BRENT MEAD