Constance Van Kley
Rylee Sommers-Flanagan
  Upper Seven Law
  P.O. Box 31
  Helena, MT 59624
  (406) 306-0330
  constance@uppersevenlaw.com
  rylee@uppersevenlaw.com

Joel G. Krautter
  Netzer Law Office P.C.
  1060 S. Central Ave. Ste. 2
  Sidney, MT 59270
  (406) 433-5511
  joelkrautternlo@midrivers.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| BOB BROWN; HAILEY SINOFF; and DONALD SEIFERT, | |
| *Plaintiffs*, | Cause No. 6:21-cv-92-PJW-DWM-BMM |
| vs. | |
| CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, | **Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss, or Alternatively to Stay Proceedings** |
| *Defendant*. | |

## INTRODUCTION

Plaintiffs filed a motion for a temporary restraining order and/or preliminary injunction on December 17, 2021, asking the Court to enjoin certification of candidates to Montana Public Service Commission ("Commission") Districts 1 and 5. (Doc. 5.) In its response to Plaintiffs' motion, Defendant argued that the Court should dismiss Plaintiffs' claim as unripe. (Doc. 8.) Plaintiffs' claim is ripe because the legislature has failed to fulfill "its decennial constitutional duty," *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 420 (2006), and because there is no "reasonably conceived plan for periodic readjustment" of Commission districts, *Reynolds v. Sims*, 377 U.S. 533, 583 (1964). (*See* Doc. 9.) Dismissal is therefore inappropriate. (*See* Doc. 9.)

Defendant now asks that the Court stay this proceeding altogether until after the 2023 legislative session. Because this issue was not raised squarely in Defendant's response to Plaintiffs' motion, Plaintiffs have not yet briefed this issue—only the related issue of why preliminary relief is appropriate. (Doc. 9.) This proceeding should not be stayed because the concrete injury threatened to voters in the 2022 election outweighs the theoretical possibility of a past-due legislative plan.

## ARGUMENT

The Court should not stay proceedings through the 2023 legislative session because Court action will not interfere with any state legislative processes but Court inaction will result in a violation of voters' constitutional rights in the 2022 election.

The question of whether a court should stay proceedings to allow the legislature to redistrict depends on whether legislative redistricting may occur in a "timely" manner.  *Scott v. Germano*, 381 U.S. 407 (1965) (per curium).  And that question in turn comes down to whether the legislature (or other appropriate state entity) may act before the election in which voting rights will be obstructed.  *See, e.g.*, *id.* at 409 (court should abstain if state process will redistrict "within ample time" for next election); *Growe v. Emison*, 507 U.S. 25, 34 (1993) (court must defer to state processes when state redistricting proceedings are ongoing and may cure alleged violation).

Here, Plaintiffs' constitutional rights will be violated in 2022 absent redistricting, and no evidence suggests that the legislature will redistrict the Commission map before the 2022 election.  Indeed, there is only weak evidence that redistricting *may* occur in the 2023 session.  (*See* Doc. 9

at 2–4.)  The certainty that Montanans' voting rights will be violated in the next election outweighs the abstract possibility of a legislative solution.  And, because Court action will reduce the likelihood of disenfranchisement in post-2020 Census redistricting, there is no reasonable argument that voting rights will be better protected by abstention.  (*See* Doc. 9 at 12.)

The legislature will not take action prior to the upcoming election, even though the challenged map is more than ten years old and malapportioned, and a stay is unwarranted.  *Germano* provides a helpful counterexample: there, despite ongoing state efforts to draw a map in time for the 1966 election, a district court apportioned the Illinois Senate months prior to the end of the 1965 legislative session.  381 U.S. at 408. The Court vacated the redistricting order.  *Id.*  Even so, the Court ordered that the district court retain jurisdiction and noted that, if a legislative solution does not cure the malapportionment prior to the 1966 election, the court "may enter such orders as it deems appropriate, including an order for a valid reapportionment plan for the State Senate or an order directing that its members be elected at large pending a valid reapportionment by the State itself." *Id.* at 409–10.

Similarly, a redistricting case in South Carolina proceeding on a parallel timeline currently is stayed, but only until January 18, 2022— seven days after the 2022 regular session *convenes*. *S.C. State Conf. of the NAACP v. McMaster*, No. 3:21-cv-03302-JMC, 2021 WL 5853172 (Dec. 9, 2021).   Although the outcome in *McMaster* is unclear, the proceedings thus far indicate that there are and should be limits to the court's patience: a three-judge court has been convened to "perform its duty and timely adjudicate the claims" "[i]f it becomes apparent by January that no constitutionally appropriate redistricting maps have been proposed."  2021 WL 5853172, at *5.  Thus, deference to the state legislature is appropriate only when it does not conflict with voters' constitutional rights.  *Badham v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 721 F.2d 1170, 1173 (9th Cir. 1983) ("The dangers posed by an abstention order are particularly evident in voting cases.").

The State nonetheless argues that the Court should stay this proceeding because the state legislature has not had an "opportunity" to meet in a regular session after publication of 2020 Census data.  (Doc. 8 at 8.)   But the legislature is not entitled to such an opportunity: if adherence to a state legislative schedule results in the violation of federal

constitutional rights, those rights may be vindicated.  Notably, there would be no constitutional violation had the legislature created a constitutional map within the last ten years—the State has had the opportunity to protect Montanans' Fourteenth Amendment rights prior to the 2020 Census.  *See League of United Latin Am. Citizens*, 548 U.S. at 420–21 (explaining that districts are presumed constitutional for entire decennial cycle).  Further, the legislature may call a special session—it has the opportunity to act now.  Mont. Const. art. V, § 6.

Weighed against the State's speculation that the legislature *may* act in 2023 (despite its long history of inaction) is the certainty that voters' constitutional rights *will* be violated in 2022 absent judicial action.  Moreover, the State loses nothing if the Court takes action to protect voters' rights: the legislature remains free to act in 2023, when it may take any appropriate legislative action, including: reapportionment; incorporating into law a court-drawn map; creating a mechanism to ensure regular redistricting; and/or changing the method of selecting commissioners.

"[B]efore abstaining in voting cases, a district court must independently consider the effect that delay resulting from the

abstention order will have on the plaintiff's right to vote." *Badham*, 721 F.2d at 1173.  Here, the State offers neither rational explanation for the legislature's ongoing failure to act nor assurance that a state legislative solution is imminent.  But Plaintiffs have established that, in the absence of judicial action, voting rights will be violated in the 2022 election cycle.  In light of the important interests at stake, the Court should deny Defendants' motion to stay proceedings.

## CONCLUSION

Plaintiffs respectfully ask that the Court deny Defendant's Motion to Dismiss, or Alternatively to Stay Proceedings.

Respectfully submitted this 13th day of January, 2022.

/s/ *Constance Van Kley*
Constance Van Kley
Rylee Sommers-Flanagan
Upper Seven Law

/s/ *Joel G. Krautter*
Joel G. Krautter
Netzer Law Office P.C.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(2)(E), I hereby certify that this brief includes 1,108 words, excluding caption, certificates, and tables.  The word count was calculated using Microsoft Word.

/s/ *Constance Van Kley*
Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that this document was filed in CM/ECF on January 5, 2022.

/s/ *Constance Van Kley*
Attorney for Plaintiffs