# Exhibit 2

Montana Districting & Apportionment Commission, Final Legislative Redistricting Plan Based on the 2010 Census 13-14 (Feb. 12, 2013)

# Final Legislative Redistricting Plan

## Based on the 2010 Census



As Submitted to the Montana Secretary of State
by the Montana Districting and Apportionment Commission
in fulfillment of Article V, section 14, of the Montana Constitution

February 12, 2013

Document date: October 2013

# Congressional and Legislative Districting Criteria

On May 28, 2010, the Montana Districting and Apportionment Commission adopted four mandatory and three discretionary criteria to use when drawing new state district lines. The criteria were similar to criteria adopted by previous commissions. One change was that after considering testimony gathered during the April 2010 hearings, the commission voted to use a 3% deviation from the ideal district population. The previous commission used a 5% deviation, as is allowed in federal redistricting case law.

A second notable change was that the commission voted to require a written justification for any deviations from the ideal district size. The justification would be made part of the written record that accompanies the district description in the commission's report.

Mandatory Criteria for Congressional Districts

1. Population equality. All congressional districts shall be as nearly equal in population as is practicable. (Article 1, Section 2, of the U.S. Constitution, U.S. Supreme Court cases).

Mandatory Criteria for Legislative Districts

1. Population equality and maximum population deviation. Each legislative district shall be as nearly equal in population as is practicable. (MT Constitution). It is the goal of the commission that each district have a population of 9,894 people for each House district and 19,788 people for each Senate district. Any deviation may not exceed plus or minus 3% from this ideal population. Each deviation will be accompanied by an explanation of the mandatory or discretionary criteria justifying such deviation. An explanation for the deviation shall be articulated and made part of the written record that accompanies each district description in the Commission report.

2. <u>Compact and contiguous districts.</u> Each district shall consist of compact and contiguous territory. (MT Constitution). The commission may use, but not be limited to, a general appearance test regarding compactness of the district and consider the district's functional compactness in terms of travel and transportation, communication, and geography.

3. <u>Protection of minority voting rights and compliance with the Voting Rights Act.</u> No district, plan, or proposal for a plan is acceptable if it affords members of a racial or language minority group "less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." (42 U.S.C. 1973).

4. <u>Race cannot be the predominant factor to which the traditional discretionary criteria are subordinated.</u> (Shaw v. Reno, 509 U.S. 630 (1993)).

<u>Discretionary Criteria for Legislative Districts</u>

1. <u>Following the lines of political units.</u> The commission will consider the boundary lines of counties, cities, towns, school districts, Indian reservations, neighborhood commissions, and other political units.

2. <u>Following geographic boundaries.</u> District lines will be drawn to follow geographic boundaries as provided in the TIGER/Line files of the U.S. Bureau of the Census.

3. <u>Keeping communities of interest intact.</u> The commission will consider keeping communities of interest intact. Communities of interest can be based on Indian reservations, urban interests, suburban interests, rural interests, neighborhoods, trade areas, geographic location, communication and transportation networks, media markets, social, cultural, and economic interests, or occupations and lifestyles.