Constance Van Kley
Rylee Sommers-Flanagan
  Upper Seven Law
  P.O. Box 31
  Helena, MT 59624
  (406) 306-0330
  constance@uppersevenlaw.com
  rylee@uppersevenlaw.com

Joel G. Krautter
  Netzer Law Office P.C.
  1060 S. Central Ave. Ste. 2
  Sidney, MT 59270
  (406) 433-5511
  joelkrautternlo@midrivers.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOB BROWN; HAILEY SINOFF; and DONALD SEIFERT,  *Plaintiffs*,  vs.  CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State,  *Defendant*. | Cause No. 6:21-cv-92-PJW-DWM-BMM  **Plaintiffs' Brief in Opposition to Defendant's Motion for Summary Judgment** |

# Table of Contents

Table of Authorities ............................................................................. ii

Introduction ......................................................................................... 1

Argument .............................................................................................. 2

    I.    Although a three-judge court appropriately may resolve Plaintiffs' claim, Plaintiffs do not object to Defendant's request to dissolve the three-judge district court ................................... 2

    II.    Plaintiffs have standing to pursue their claim, and the Secretary properly is named as the sole defendant to this lawsuit ............. 3

        A. Plaintiffs have standing to seek declaratory and injunctive relief against Secretary Jacobsen because a favorable decision will redress their constitutional injury ............................................. 5

        B. Secretary Jacobsen is the proper defendant because an order compelling her to implement a constitutional map will remedy the alleged wrong ................................................................. 6

    III.   As the Court already has determined, Plaintiffs' claim is ripe 10

Conclusion .......................................................................................... 10

# Table of Authorities

## Cases

*Baker v. Carr*, 369 U.S. 186, 208 (1962) ................................................. 1, 6

*Bethune-Hill v. Va. State Bd. of Elec.*, No. 3:14-cv-000852-REP-GBL-BMK (June 16, 2015) ................................................................. 9

*Coleman v. Miller*, 307 U.S. 433, 438 (1939) ............................................. 1

*Ex Parte Young*, 209 U.S. 123 (1908) ..................................................... 6, 8

*Harris v. Ariz. Indep. Redistricting Comm'n*, 993 F. Supp. 2d 1042, 1065 (D. Ariz. 2014), *aff'd* 578 U.S. 253 (2016) ........................................ 7

*Hollingsworth v. Perry*, 570 U.S. 693, 133 S. Ct. 2652, 186 L. Ed. 2d 768 (2013) ............................................................................. 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ........................ 5

*Perry v. Brown*, 671 F.3d 1052, 1071 (9th Cir. 2012) .............................. 6

*San Lazaro Ass'n v. Connell*, 286 F.3d 1088, 1095 n.5 (9th Cir. 2002) ... 6

*Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019) ............................................. 4, 5, 9, 10

## Constitutional Provisions

Mont. Const. art. VI, § 1 ............................................................................ 7

Mont. Const. art. V, § 14 ........................................................................... 7

## Statutes & Rules

28 U.S.C. § 2284(a) ...................................................................................2

Fed. R. Civ. P. 5.1 .....................................................................................9

Fed. R. Civ. P. 56 ......................................................................................3

Mont. Code Ann. § 13-1-201 ..........................................................4, 5, 7

## Other Authorities

Wright & Miller, 17A Fed. Practice & Proc. Juris. § 4235 (3d ed.) .........3

## Exhibits

Letter from Sen. Mark Blasdel & Rep. Wylie Galt to all
    Republican legislators ....................................................Exhibit A-1

## INTRODUCTION

Rather than address the merits of Plaintiffs' claim and defend the constitutionality of the Montana Public Service Commission ("Commission") map, Defendant Secretary of State Christi Jacobsen attacks the Court's power to resolve this redistricting challenge. Whether it comprises a single judge or three, the Court has clear authority to adjudicate Plaintiffs' claim for relief.

Plaintiffs "assert[] 'a plain, direct and adequate interest in maintaining the effectiveness of their votes.'" *Baker v. Carr*, 369 U.S. 186, 208 (1962) (quoting *Coleman v. Miller*, 307 U.S. 433, 438 (1939)). If the Court orders Secretary Jacobsen to implement a constitutionally permissible map, the effectiveness of Plaintiffs' votes will be maintained. Standing is not a difficult issue here. And of course the Secretary is a proper party: she administers Montana's elections, in which the harms at issue arise. And, as the Court has already decided, Plaintiffs' claim is ripe. (See Docs. 16 at 3-5, 19.) The Court should deny Defendant's motion for summary judgment.

ARGUMENT

Defendant raises three issues, contending: (1) a three-judge court was convened improperly; (2) Plaintiffs lack standing; and (3) Plaintiffs' claim is not ripe. Not one entitles Defendant to summary judgment. First, whether this case is decided by one judge or three, summary judgment cannot be granted to Defendant on this basis. In any event, Plaintiffs have consented to adjudication by a single district court judge. (Doc. 30.) Second, Plaintiffs have standing because the relief sought would prevent the imminent harm. Third and finally, as the Court has ruled, Plaintiffs' claim is ripe.

I. **Although a three-judge court appropriately may resolve Plaintiffs' claim, Plaintiffs do not object to Defendant's request to dissolve the three-judge district court.**

Plaintiffs requested a three-judge district court because they challenge the apportionment of the Public Service Commission, a popularly elected, statewide body that performs legislative functions. 28 U.S.C. § 2284(a) ("A district court of three judges shall be convened . . . when an action is filed challenging the . . . apportionment of any statewide legislative body."). Although the meaning of the phrase

"statewide legislative body" is unclear, it likely encompasses the Commission, a statewide body that exercises legislative powers.

Nonetheless, while a three-judge court appropriately may resolve their claim, Plaintiffs do not object to Defendant's motion to the degree it may be read as a motion to dissolve the three-judge district court.[1] Plaintiffs' interest is in seeing their claim resolved on the merits, and so Plaintiffs affirmatively consent to adjudication by a single district court judge. Section 2284 does not divest a single judge of jurisdiction where, as here, the parties express consent. *See* Wright & Miller, 17A Fed. Practice & Proc. Juris. § 4235 (3d ed.) (explaining that ambiguity in statute counsels in favor of finding it nonjurisdictional).

## II. Plaintiffs have standing to pursue their claim, and the Secretary properly is named as the sole defendant to this lawsuit.

Plaintiffs ask the Court to declare the current Commission map unconstitutional and award injunctive relief to prevent constitutional harm during the 2022 election. Defendant argues that Plaintiffs lack standing, breaking the issue into two separate sections: (1) Plaintiffs'

---

[1] Defendant "move[s] for summary judgment pursuant to Rule 56 . . . [to] dissolve the three-judge panel as improper." While Rule 56 is not the proper procedural basis for pursuing such relief, Plaintiffs do not object to the relief sought.

*Plaintiffs' Brief in Opposition to Defendant's*
*Motion for Summary Judgment* 3

standing to seek declaratory relief; and (2) Plaintiffs' standing to seek injunctive relief. Ultimately, the arguments are identical—Defendant contends that Plaintiffs lack standing because they have sued only Secretary Jacobsen.

Respectfully, Defendant appears to misunderstand the proper party analysis in the context of Article III standing. The appropriate defendant is the defendant who can redress the Plaintiffs' injury if so ordered. The question is not, as Defendant suggests, which state actor may have the most interest in or curiosity about the legal questions at issue.

Here, Plaintiffs have standing because the relief requested would prevent imminent constitutional harm. Secretary Jacobsen, Montana's independently elected "chief election officer," Mont. Code Ann. § 13-1-201, has the power to implement a new Commission map in time for the 2022 election. The Secretary—and only the Secretary—administers the Montana election in which Plaintiffs' constitutional harms inure. Secretary Jacobsen is the proper defendant.

### A. Plaintiffs have standing to seek declaratory and injunctive relief against Secretary Jacobsen because a favorable decision will redress their constitutional injury.

If the Secretary conducts the 2022 Montana Public Service Election with a court-ordered, constitutionally apportioned map, Plaintiffs' injuries will be redressed. She is the proper defendant.

"The three elements of standing . . . are (1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019). Plaintiffs face a concrete and particularized injury—the dilution of their votes in upcoming elections—and this injury is "imminent, not conjectural or hypothetical" because it will occur absent judicial relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). Indeed, Defendant does not argue otherwise. This imminent prospective injury is traceable to the challenged conduct: implementation of the unconstitutional Commission map in upcoming elections by Montana's "chief election officer."[2] Mont. Code Ann. § 13-1-201. The injury is

---

[2] Plaintiffs do not seek to impose *financial liability* on the Secretary or any other state actor based on the current Commission map. Accordingly, it is irrelevant that the Secretary is not personally

*Plaintiffs' Brief in Opposition to Defendant's*
*Motion for Summary Judgment*      5

redressable because there will be no injury if the Court grants the requested relief. Plaintiffs have standing. *See Baker*, 369 U.S. at 704 ("Our decisions plainly support" plaintiffs' standing to bring Fourteenth Amendment reapportionment claim.).

### B. Secretary Jacobsen is the proper defendant because an order compelling her to implement a constitutional map will remedy the alleged wrong.

Without saying whom, exactly, Plaintiffs should have sued, Defendant argues that Plaintiffs wrongly named Secretary Jacobsen. But "in a suit for an injunction against enforcement of an allegedly unconstitutional state law, it makes no practical difference whether the formal party before the court is the state itself or a state officer in his official capacity." *Perry v. Brown*, 671 F.3d 1052, 1071 (9th Cir. 2012), *vacated and remanded sub nom. on other grounds by Hollingsworth v. Perry*, 570 U.S. 693, 133 S. Ct. 2652, 186 L. Ed. 2d 768 (2013); *see Ex Parte Young*, 209 U.S. 123 (1908). Because the Court can compel Secretary Jacobsen to prevent harm to Plaintiffs, she is the

---

responsible for failing to redistrict the Commission. (*See* Doc. 25 at 10.) *See, e.g.*, *San Lazaro Ass'n v. Connell*, 286 F.3d 1088, 1095 n.5 (9th Cir. 2002) (explaining the difference between properly seeking prospective injunctive relief against state officials in federal court and improperly seeking to impose monetary damages directly against a state).

*Plaintiffs' Brief in Opposition to Defendant's*
*Motion for Summary Judgment*         6

appropriate defendant. *See, e.g., Harris v. Ariz. Indep. Redistricting Comm'n*, 993 F. Supp. 2d 1042, 1065 (D. Ariz. 2014), *aff'd* 578 U.S. 253 (2016) (in redistricting case, Arizona "Secretary of State undoubtedly was an appropriate defendant" because he "enforces the map").

An independent executive branch officer, Mont. Const. art. VI, § 1, the Secretary of State is the "chief election officer" for Montana, and it is her "responsibility to maintain uniformity in the application, operation, and interpretation of the election laws [except for those enforced by the judiciary and/or the Commissioner of Political Practices]." Mont. Code Ann. § 13-1-201. The Secretary regularly implements districting plans without interference from the governor, attorney general, or legislature. By state constitutional design, districting plans for the U.S. House of Representatives and state legislative offices are submitted directly by the Districting and Apportionment Committee to the Secretary. Mont. Const. art. V, § 14 ("[T]he commission shall file its final plan for legislative districts with the secretary of state and it shall become law."). The Secretary unequivocally has the ability to implement a new map if the Court so orders.

Defendant nonetheless argues that Plaintiffs should have sued the State or various other state actors. But the Eleventh Amendment prohibits claims against the State directly, and it is black-letter law that a party may bring a suit for injunctive relief against a state officer whose "office sufficiently connect[s] him with the duty of enforcement to make him a proper party." *Ex Parte Young*, 209 U.S. at 161. The Montana Legislature is not in session, and the Court could not order it to pass a law even if it were—a claim against the legislature likely would fail the redressability test.[3] The Governor does not oversee the Secretary, as each is an independently elected constitutional officer, and the Secretary—not the Governor—oversees elections.

Finally, Defendant—through her lawyer the Montana Attorney General—makes an odd claim that the Attorney General should have a greater role in this litigation. (Doc. 25 at 14.) But the Montana Attorney

---

[3] In a joint letter, the President of the Senate and Speaker of the House recently explained that legislative leadership "has no legal authority" to intervene in this case and that the legislature may act only through the Legislative Council when out of session. The legislators continued, "The Attorney General has the legal responsibility to defend the state in lawsuits, which includes the Legislature's interests, and he has been doing just that." Ex. A-1, Letter from Sen. Mark Blasdel & Rep. Wylie Galt to all Republican legislators at 2 (Feb. 17, 2022).

General manifestly has had the opportunity to defend the validity of the current districting plan. Federal Rule of Civil Procedure 5.1 expressly provides that a litigant need not file a notice of constitutional question with the Montana Attorney General when a state officer is sued in her official capacity. In other words, the expectation is that the Attorney General will defend the constitutionality of a challenged law when adequate notice is given (as it was here) and the Attorney General decides that the State has an interest in defending the law. Indeed, there's an elephant in the room: the Montana Attorney General *is* defending against Plaintiffs' claim.

Finally, Defendant argues that she would lack standing to appeal if the Court grants the requested relief. The case cited, *Bethune-Hill*, stands for no such proposition. 139 S. Ct. 1945. Like Plaintiffs, the plaintiffs in *Bethune-Hill* sued state actors tasked with overseeing elections on the grounds that legislative districts were unconstitutional. *Bethune-Hill v. Va. State Bd. of Elec.*, No. 3:14-cv-000852-REP-GBL-BMK, Am. Compl. (Doc. 71) (June 16, 2015). There, unlike here, one house of the state's bicameral legislature intervened in the litigation. *Bethune-Hill*, 139 S. Ct. at 1950. On appeal, after noting that the state

attorney general (who was not a named party) had declined to appeal the district court's redistricting plan, the Supreme Court held that the legislative chamber lacked standing to appeal on behalf of the state or in its own right. *Id.* at 1950, 1951, 1953. In contrast, if the Court orders Secretary Jacobsen to implement a new map, she may appeal because the Court's order would require her to take action.

### III. As the Court already has determined, Plaintiffs' claim is ripe.

Finally, Defendant rehashes its ripeness argument, previously presented in opposition to Plaintiffs' Motion for Injunction and in support of its Motion to Dismiss. As the Court already has decided, Plaintiffs' claim is ripe. (Docs. 16 at 4–5, 19.) Defendant has presented no new argument, and Defendant has not moved for reconsideration of the Court's ruling on justiciability. Thus, there is no need for Plaintiffs to again respond to Defendant's argument or for the Court to again resolve this issue.

## CONCLUSION

Plaintiffs respectfully ask the Court to deny Defendant's Motion for Summary Judgment.

Respectfully submitted this 22nd day of February, 2022.

/s/ *Constance Van Kley*
Constance Van Kley
Rylee Sommers-Flanagan
Upper Seven Law


/s/ *Joel G. Krautter*
Joel G. Krautter
Netzer Law Office P.C.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(2)(E), I hereby certify that this brief includes 1,970 words, excluding caption, certificates, tables, and exhibit index. The word count was calculated using Microsoft Word.

/s/ *Constance Van Kley*
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed in CM/ECF on February 22, 2022, and served upon all registered users.

/s/ *Constance Van Kley*
Attorney for Plaintiffs