AUSTIN KNUDSEN
Montana Attorney General
KRISTIN HANSEN
  *Lieutenant General*
DAVID M.S. DEWHIRST
  *Solicitor General*
BRENT MEAD
  *Assistant Solicitor General*
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
david.dewhirst@mt.gov
brent.mead2@mt.gov

Emily Jones
  *Special Assistant Attorney General*
Jones Law Firm, PLLC
115 N. Broadway, Suite 410
Billings, MT 59102
Phone:  406-384-7990
emily@joneslawmt.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, HELENA DIVISION

| | |
|---|---|
| BOB BROWN; HAILEY SINOFF; AND DONALD SIEFERT,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State,<br><br>Defendant. | Case No. 6:21-cv-00092<br><br>**AFFIDAVIT OF FRED THOMAS** |

STATE OF MONTANA )
:ss
County of Missoula )

Fred Thomas states under oath:

1. I was retained by the Defendant as an expert in the above action, am over the age of 18, am competent to testify as to the matters set forth in this Affidavit, and make this Affidavit based upon my own personal knowledge and/or belief. I am generally familiar with the claims, materials, documents, and pleadings regarding this matter.

## Background and Qualifications

2. I served in the Montana Legislature for 24 years since 1984. I served in the Montana House of Representatives from 1984 until 1992. I served in the Montana State Senate from 1996 to 2004 and from 2012 to 2020. I served as the Montana State Senate Majority Leader from 2000 to 2004 and 2016 to 2020.

3. I sponsored Senate Bill 220 in 2003 which, after being signed into law, created the present Public Service Commission ("Commission") boundaries.

4. I sponsored Senate Bill 153 in 2013 to redistrict the Commission boundaries following the 2010 Census.

5. I am familiar with the redistricting process for the Commission and the legislative criteria used to draw Commission districts.

**Redistricting Criteria**

6. The Commission is created entirely by statute, not the Montana Constitution, and the Montana Legislature sets criteria for commissioner qualifications, including defining boundaries for the Commission districts through statute. Except for initiative and referenda, only the Montana Legislature may pass laws subject to the Governor's signature. This process excludes other state officials such as the Public Service Commissioners and the Secretary of State.

7. In drawing Commission districts, I relied on historical practice, constitutional criteria, and common criteria for redistricting state legislative seats. While similar in some respects to redistricting state legislative seats, Commission criteria are distinct and subject to the control of the Montana Legislature rather than the control of the Montana Districting and Apportionment Commission. Moreover, unlike legislative districts, Commission districts are set forth in statute.

Therefore, redistricting the Commission requires amending statutes, which only the Legislature can do.

8. First, Commission districts adhere to county lines. This keeps with the unbroken historical practice that Commission districts follow county boundaries. In both 2003 and 2013, Commission districts were defined in statute to follow county boundaries. In 2013, Senate Bill 153 included an interim redistricting process that also required that Commission districts coincide with the boundaries of counties of the state.

9. Second, Commission districts must be reapportioned to be equal as practicable based on population.

10. Third, Commission districts must be compact and contiguous.

11. Fourth, and finally, Commission districts should keep communities of interest intact. This means keeping communities with shared geography, socioeconomic status, and economic activity together.

12. Other criteria such as incumbency, political affiliation of voters, previous election results, or other measures of competitiveness was not part of Senate Bill 220 in 2003 and these criteria have not been adopted by the Montana Legislature as criteria for Commission districts.

## Current Commission Districts

13. Senate Bill 220 defined the current Commission districts in Mont. Code. Ann. § 69-1-104. Senate Bill 220 met each of the four redistricting criteria.

14. First, all five districts adhere to county boundaries.

15. Second, the current districts following the 2000 Census contained roughly equal populations based on the presumptive constitutionality of a maximum deviation less than 10%. *See* (Doc. 1, ¶ 29). To my knowledge, the current districts have not been challenged for having impermissibly unequal populations following the 2010 Census.

16. Third, the current districts are all contiguous and as stated during legislative hearings were compact by eyesight.

17. Fourth, and finally, each of the five districts represents a broad community of interests:

    a. District 1 represents the communities along the Hi-line and highway 200 in Northeast and Central Montana.

    b. District 2 represents southeast Montana and the Billings region.

    c. District 3 represents southwest Montana and the greater Yellowstone area.

    d. District 4 represents the Missoula-Bitterroot area extending into the historical northwest mining and logging communities.

    e. District 5 represents the Flathead Lake area and Rocky Mountain Front.

**Review of Proposed Maps**

**Secretary Jacobsen's Proposed Map**

18. Secretary Jacobsen's proposed map makes three changes relative to the current Commission districts. First, Glacier County moves from District 5 to District 1. Second, Musselshell County moves from District 3 to District 1. Third, Deer Lodge County moves from District 3 to District 4.

19. Secretary Jacobsen's proposed map continues to follow county boundaries and therefore meets the first required redistricting criteria.

20. Secretary Jacobsen's proposed map results in the following districting population and deviation from ideal district size totals: District 1: 205,124 (-11,721) (-5.41%); District 2: 216,532 (-313) (-0.14%);

District 3: 225,597 (8,752) (4.04%); District 4: 218,384 (1,539) (0.71%); District 5: 218,588 (1,743) (0.80%). The maximum population deviation is 9.44%. Because the maximum deviation is less than 10%, the districts are presumptively constitutional, and the second redistricting criteria is met.

21. Secretary Jacobsen's proposed map results in contiguous districts, meaning they are all in one piece. Secretary Jacobsen's proposed districts are compact by eyesight and have a compactness score of 35 according to davesredistricting.org (higher is better).

22. Because Secretary Jacobsen's map largely follows existing district lines it follows the same communities of interest as the current districts. Musselshell County, moving from District 3 to District 1, contains a similar geography and economy as the largely rural and agricultural communities along highway 200 and the Hi-line that make up District 1. Similarly, Glacier County, moving from District 5 to District 1, is a Hi-line county and shares similar characteristics as the other counties in District 1. Deer Lodge County, moving from District 3 to District 4, shares a similar socioeconomic history and geography with District 4 as the Clark Fork moves from Deer Lodge County through

Missoula and Sanders Counties and this corridor shares the history of natural resource development including mining and logging. These changes satisfy the fourth redistricting criteria.

23. Finally, Secretary Jacobsen's map limits changes to current districts and voters in 2022. This minimal redistricting also has the benefit of keeping most voters in their current districts. One way to look at this is the percentage of current population of a district that is kept in that district. 100% of persons currently in Districts 1, 2, and 4 remain in Districts 1, 2, and 4. This means that no persons in those districts currently were moved out of the district. Even though the proposed map moves 9,421 people from Deer Lodge County and 4,730 people in Musselshell County out of District 3, District 3 retains 94.10% of its original population. In District 5, by moving Glacier County out, the district retains 94.08% of its original population. Regarding Glacier County, by moving that county from District 5 to District 1, eligible voters will still be able to cast a ballot in 2022 as Districts 1 and 5 are the two commission seats up for election this year. In other words, no one loses their ability to vote in 2022 under the Secretary's proposed map.

24. In conclusion, Secretary Jacobsen's map satisfies all redistricting criteria and properly minimizes changes to the current districts.

**Plaintiffs' Proposed Map 1**

25. Plaintiffs' Proposed Map 1 separates the Evaro precinct in Missoula County from the rest of Missoula County. This precinct contains 1,183 people. It also separates the Dixon and Hot Springs precincts in Sanders County from the rest of that county. These precincts contain 514 and 1,461 people respectively. Splitting these counties violates the state criteria for commission districts that county boundaries remain intact.

26. Plaintiffs' Proposed Map 1 sets five contiguous districts, but has a compactness score of 29, which is lower than Secretary Jacobsen's.

27. Plaintiffs' Proposed Map 1 moves all of 9 counties and parts of two others. Proposed Map 1, in addition to the county splits, shifts Glacier and Pondera Counties from District 5 to District 1; Broadwater and Meagher Counties from District 3 to District 1; Deer Lodge County from District 3 to District 4; Golden Valley and Musselshell Counties from District 3 to District 2; and Prairie and Fallon Counties from

District 2 to District 1. The effects of this, using the population retention described above, mean that 100% of District 1 is retained, 98.09% of District 2, 94.06% of District 3, 98.49% of District 4, and 91.53% of District 5. Changes of this go beyond what is required to meet redistricting criteria.

28. In conclusion, Plaintiffs' Proposed Map 1 violates the requirement Commission districts follow county boundaries and should therefore be rejected. Furthermore, it is less compact than Secretary Jacobsen's map and effects significant changes to current districts that go beyond what is necessary.

**Plaintiffs' Proposed Map 2**

29. Proposed Map 2 separates Precinct 24 in Flathead County from the rest of the county, and the Heart Butte and Valier precincts from the remainder of Pondera County. Precinct 24 in Flathead County contains 1,419 people, Heart Butte in Pondera County contains 775 people, and Valier in Pondera County contains a combined 1,279 people. These county splits violate redistricting criteria.

30. Proposed Map 2 moves all of 13 counties and parts of 2 others. In addition to the county splits, Proposed Map 2 shifts Lincoln and Powell

County from District 4 to District 5; Lake County from District 5 to District 4; Teton County from District 5 to District 1; Meagher and Wheatland Counties from District 3 to District 1; Custer, Fallon, and Prairie Counties from District 2 to District 1; and Golden Valley, Musselshell, Stillwater, and Sweetgrass Counties from District 3 to District 2. The effects of this, using the population retention described above, mean that 100% of District 1 is retained, 92.61% of District 2, 90.74% of District 3, 87.26% of District 4, and 82.66% of District 5. These large-scale changes break-up existing communities of interest. For example, by separating Flathead and Lake Counties, the Flathead area is no longer unified.

31. Further, by moving Precinct 24 in Flathead County and all of Lake County from District 5 to District 4, this districts 32,533 people out of potentially being able to cast a ballot for commissioner in 2022.

32. Plaintiffs' Proposed Map 2 violates redistricting criteria requiring adherence to county lines and breaks up existing communities of interest. This proposed map goes further than necessary to achieve rough population balance. Finally, Plaintiffs' Proposed Map 2 districts

up to 32,533 people from being able to vote for a Public Service Commission in 2022.

**Plaintiffs' Proposed Map 3**

33.     Proposed Map 3 separates Precinct 24 in Flathead County from the rest of the county. This violates redistricting criteria.

34.     While the proposed districts of this map are contiguous, the compactness score of 32 is less than that of Secretary Jacobsen's map.

35.     Proposed Map 3 shifts all of 11 counties and parts of Flathead County. Proposed Map 3 shifts Lincoln and Powell Counties from District 4 to District 5; Lake County from District 5 to District 4; Glacier, Pondera, and Teton Counties from District 5 to District 1; Jefferson and Broadwater Counties from District 3 to District 5; Meagher County from District 3 to District 1; Musselshell County from District 3 to District 2; and Prairie County from District 2 to District 1. The effects of this, using the population retention described above, mean that 100% of District 1 is retained, 99.50% of District 2, 89.36% of District 3, 87.26% of District 4, and 74.84% of District 5. These shifts break up existing communities of interest. For example, District 5 no longer contains the entire Flathead Lake region because Lake and Flathead Counties are split. Additionally,

as is evident from the population retention numbers, Plaintiffs' propose a broad remaking of the character of these districts.

36. Further, by moving Precinct 24 in Flathead County and all of Lake County from District 5 to District 4, this districts 32,533 people out of potentially being able to cast a ballot for commissioner in 2022.

37. In conclusion, Proposed Map 3 violates redistricting criteria, districts 32,533 from potentially being able to cast a ballot for commissioner in 2022, proposes less compact districts than Secretary Jacobsen's proposed map, and effects far greater population shifts than necessary to comply with rough population equity requirements.

**Conclusion**

38. For all the following reasons, it is my opinion, as set forth in my expert report and rebuttal expert report, that Secretary Jacobsen's proposed map is the only map that complies with Commission districting requirements. Secretary Jacobsen's proposed map also retains more of the nature and character of the current Commission districts than Plaintiffs' proposed maps. Finally, unlike two of Plaintiffs' proposed maps, Secretary Jacobsen's map ensures all people currently eligible to vote for a Public Service Commissioner in 2022 remain eligible.

Dated this 26th day of February, 2022.

_____
FRED THOMAS

Signed and Sworn to before me this 26th day of February, 2022, by Fred Thomas.

Notary

LONI VARGOVICH
NOTARY PUBLIC for the
State of Montana
Residing at Victor, MT
My Commission Expires
October 06, 2023.

_____

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: February 28, 2022       /s/   *Brent Mead*
                                                   BRENT MEAD