Constance Van Kley
Rylee Sommers-Flanagan
  Upper Seven Law
  P.O. Box 31
  Helena, MT 59624
  (406) 306-0330
  constance@uppersevenlaw.com
  rylee@uppersevenlaw.com

Joel G. Krautter
  Netzer Law Office P.C.
  1060 S. Central Ave. Ste. 2
  Sidney, MT 59270
  (406) 433-5511
  joelkrautternlo@midrivers.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| BOB BROWN; HAILEY SINOFF; and DONALD SEIFERT, <br><br> *Plaintiffs*, <br><br> vs. <br><br> CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, <br><br> *Defendant*. | Cause No. 6:21-cv-92-PJW-DWM-BMM <br><br><br> **Plaintiffs' Proposed Findings of Fact and Conclusions of Law** |

Pursuant to the Court's Order of January 13, 2022, and in light of Defendant's position that this matter presents a triable issue of fact, Plaintiffs respectfully offer the following proposed Findings of Fact and Conclusions of Law.

Plaintiffs offer only one proposed finding of fact in addition to those presented in the parties' joint findings of fact.

## FINDINGS OF FACT

1. The Montana Districting and Apportionment Commission files federal congressional and state legislative districting plans with Defendant Christi Jacobsen. (Doc. 33 at 27.)

## CONCLUSIONS OF LAW

**Plaintiffs have standing to pursue relief against Defendant Secretary of State Christi Jacobsen.**

1. "The three elements of standing . . . are (1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019).

2. Plaintiffs will suffer "concrete and particularized injur[ies]" in the absence of judicial intervention. *Id.* Plaintiffs are residents of Districts 3 and 5, which are overpopulated relative to Districts 1, 2,

and 4.  Thus, in the absence of judicial relief, Plaintiffs' votes will be unconstitutionally diluted.

3. The threatened injuries are "traceable to the challenged conduct"— that is, the continued implementation of the 2003 map despite shifts in population.  *Id.*

4. A "favorable decision" will "redress" Plaintiffs' prospective injuries.  If ordered to do so, Defendant Secretary of State Christi Jacobsen is able to implement a new map.  This relief, if ordered, would fully redress Plaintiffs' injuries.

5. Defendant Jacobsen is Montana's "chief election officer."  Mont. Code Ann. § 13-1-201.  She is an independently elected executive branch officer.  Mont. Const. art. VI, § 1.

6. Defendant Jacobsen regularly implements districting plans without interference from the governor, attorney general, or legislature.  By state constitutional design, districting plans for the U.S. House of Representatives and state legislative offices are submitted directly by the Districting and Apportionment Committee to the Secretary.  Mont. Const. art. V, § 14(3) & (4).

7. Defendant Jacobsen is the proper defendant to this lawsuit because Plaintiffs' injuries may be fully redressed by an injunction against Defendant Jacobsen. *Ex Parte Young*, 209 U.S. 123, 161 (1908).

8. Plaintiffs have established standing, and Defendant is the proper defendant to Plaintiffs' claim. The Court may reach the merits of Plaintiffs' claim.

**The current Commission map is malapportioned in violation of the Equal Protection Clause's one-person, one-vote rule.**

9. A plaintiff's claim for violation of the one-person, one-vote rule requires satisfaction of the following elements:

(a) the application of the rule to the challenged government body, *Hadley v. Junior Coll. Dist. of Met. Kan. City*, 397 U.S. 50, 56 (1970);

(b) maximum population deviation in excess of 10%, *Evenwel v. Abbott*, 578 U.S. 54, 60 (2016); and

(c) lack of justification for the population deviation, *Mahan v. Howell*, 410 U.S. 315, 325 (1973).

10. Plaintiffs have established all elements of their claim.

<u>The one-person, one-vote rule applies to the Commission.</u>

*Plaintiffs' Proposed Findings of Fact & Conclusions of Law*          4

11. The one-person, one-vote rule applies to (a) popularly elected officials (b) who perform "governmental functions." *Hadley*, 397 U.S. at 56; *see DeJulio v. Georgia*, 290 F.3d 1291, 1295 (11th Cir. 2002); *Vander Linden v. Hodges*, 193 F.3d 268, 273 (4th Cir. 1999).

12. Montana's Public Service Commissioners are popularly elected. Mont. Code Ann. § 69-1-103.

13. The Commissioners perform "governmental functions." *Hadley*, 397 U.S. at 56. Among other tasks, Commissioners: set rates for utilities, Mont. Code Ann. § 69-3-301, *et seq.*; promulgate rules to govern rate-setting, Mont. Code Ann. §§ 69-2-101, 69-3-310; promulgate rules to regulate natural gas and electric companies, railroads, waste hauling companies, passenger transportation companies, investor-owned water companies, telecommunications companies, and intrastate pipelines, Mont. Code Ann. § 69-3-102; *see generally* Admin. R. Mont. tit. 38; license regulated entities, *see, e.g.*, Mont. Code Ann. §§ 69-3-1405, 69-12-314; exercise enforcement authority over regulated entities, *see, e.g.*, Mont. Code Ann. §§ 69-3-110, 69-12-209, 69-13-203; and investigate consumer complaints against regulated entities, Mont. Code Ann. § 69-3-321.

14. Defendant has not argued that the Commission is not subject to the one person, one-vote rule.

15. The one-person, one-vote rule applies to Montana's Public Service Commission.

### The current maximum population deviation exceeds 10%.

16. Where the one-person, one-vote rule applies, "[m]aximum [population] deviations above 10% are presumptively impermissible." *Evenwel*, 578 U.S. at 60.

17. As measured by the 2020 Census, the current maximum population deviation is 24.5% and vastly exceeds 10%.

18. The current Commission is therefore presumptively unconstitutional.

### No legitimate state interest justifies the population deviation.

19. A state may rebut the presumption of unconstitutionality by showing that a population deviation in excess of 10% is caused by "legitimate considerations incident to the effectuation of a rational state policy." *Mahan v. Howell*, 410 U.S. 315, 325 (1973).

20. Defendant has failed to rebut the presumption of unconstitutionality because she has not argued that any legitimate state interest justifies the current population deviation.

21. Further, the State's failure to redistrict is arbitrary and irrational, caused not by prioritization of a legitimate state interest but by long-term legislative inaction.  *Brown v. Thomson*, 462 U.S. 835, 943 (1983) (States may exceed presumptively impermissible deviations in pursuit of legitimate policies "applied . . . in a manner free from any taint of arbitrariness or discrimination." (cleaned up)).

22. Accordingly, Defendant has failed to rebut the presumption of unconstitutionality.

23. Because Plaintiffs have satisfied all elements of their claim, the current Commission districting plan, as set forth in Montana Code Annotated § 69-1-104, is unconstitutional.

### Immediate relief is equitable.

24. Montana has not redistricted the Commission in nearly 20 years and has no legal mechanism to ensure regular redistricting.  Although there were multiple legislative attempts to redistrict or otherwise change the structure of the Commission after 2003, the legislature rejected each such bill.  S.B. 153, 58th Leg., Reg. Sess. (Mont. 2013) (seeking to redistrict the Commission and create a method for regular reapportionment); S.B. 210, 65th Leg., Reg. Sess. (Mont. 2017)

(seeking to change method of selecting commissioners to appointment); S.B. 246, 66th Leg., Reg. Sess. (Mont. 2019) (seeking to establish interim committee to propose redistricting following publication of 2020 Census data and ensure ongoing reapportionment); S.B. 309, 66th Leg., Reg. Sess. (Mont. 2019) (same); H.J. 41, 66th Leg., Reg. Sess. (Mont. 2019) (seeking to establish interim study for purposes of proposing redistricting legislation).

25. In 2013, then-Senator Fred Thomas introduced a bill seeking to redistrict the Commission.  He testified that, at that time, applying 2010 Census data to the map, District 1 deviated from the ideal population by -8.33%, and District 5 exceeded the ideal population by 5.46%, resulting in a total maximum deviation of 13.79%.  Sen. Comm. on State Admin., Hrg. on S.B. 153, 58th Leg., Reg. Sess. (Jan. 25, 2013).

26. The Montana Legislature has not called a special session to reapportion the Commission in response to this litigation.

27. Defendant has made no argument that she will encounter difficulty implementing a Court-ordered plan if ordered to do so before the close of candidate certification on March 14, 2022.

28. In the absence of a method to ensure regular reapportionment, in light of the history of legislative inaction, and given Defendant's failure to indicate any administrative burden, there is no just reason for delay. *See Reynolds v. Sims*, 377 U.S. 533, 543–43, 552, 586 (1964) (affirming Court-ordered redistricting plan entered in July 1962 in advance of November 1962 election).

### Plaintiffs' Proposed Map 1 satisfies all legal requirements and best balances the equities.

29. The appropriate remedy must not introduce legal error, *Perry v. Perez*, 565 U.S. 388, 394 (2012), must defer to state redistricting criteria, *Upham v. Seamon*, 456 U.S. 37, 40–41 (1982), and must balance the equities, *North Carolina v. Covington*, 137 S. Ct. 1624, 1625 (2017) (per curium).

30. Plaintiffs' Proposed Map 1, reproduced immediately below and found online at https:/davesredistricting.org/join/c27c6808-8a40-4f91-8732-b52c28c1ef85, does not introduce legal error and best balances the relevant equitable considerations.

*Plaintiffs' Proposed Findings of Fact & Conclusions of Law*          9



District 1: 219,130 (+2,285, +1.05%)
District 2: 217,948 (+1,103, +0.51%)
District 3: 216,073 (-772, -0.36%)
District 4: 215,226 (-1,619, -0.75%)
District 5: 215,848 (-997, -0.46%)

<u>Plaintiffs' Proposed Map 1 satisfies all legal requirements.</u>

31. "A district court making such use of a State's plan must . . . take care not to incorporate into the interim plan any legal defects in the state plan." *Perry*, 565 U.S. at 394.

32. Plaintiffs' Proposed Map 1 satisfies the one-person, one-vote rule because it reduces the maximum population deviation to 1.8%. *Evenwel*, 578 U.S. at 60.

33. As the parties agree, Plaintiffs' Proposed Map 1 does not violate the Voting Rights Act. The largest minority group in Montana—American Indian and Alaska Native—is not large enough to

"constitute a majority in a single-member district." *Abbott v. Perez*, 138 S. Ct. 2305, 2330–31 (2018).

34. Plaintiffs' Proposed Map 1 does not "separate voters into different districts on the basis of race" at the expense of traditional redistricting criteria, satisfying *Shaw v. Reno*, 509 U.S. 630, 649 (1993).

35. Plaintiffs' Proposed Map 1 satisfies all federal legal requirements.

   <u>Plaintiffs' Proposed Map 1 appropriately considers all potentially
   relevant redistricting criteria.</u>

36. The Court "must defer to [state] legislative judgments . . . , even under circumstances in which a court order is required" to redistrict a map. *Upham*, 456 U.S. at 40–41.

37. Because there is no legal mechanism for reapportioning the Commission, there are no clear "legislative judgments" to which the Court must "defer." *Upham*, 456 U.S. at 40–41.

38. Thus, the Court considers traditional redistricting criteria: compactness, contiguity, respect for communities of interest. *Bethune-Hill v. Virginia State Bd. of Elections*, 137 S. Ct. 788, 795 (2017). The parties agree that these are appropriate considerations.

39. The Court further considers respect for political boundaries, a criterion generally applied by the Montana Districting and Apportionment Commission. 2020 Mont. Districting & Apportionment Comm'n, *Criteria & Goals for State Leg. Districts* (July 2021); 2010 Mont. Districting & Apportionment Comm'n, *Final Legislative Redistricting Plan Based on the 2010 Census*, 13–14 (Feb. 12, 2013). The current Commission map evidences legislative interest in preserving county boundaries, but it is unclear how the legislature balanced this interest against others.

40. Plaintiffs' Proposed Map 1 appropriately considers all potentially relevant redistricting criteria. The districts are compact and contiguous. Proposed Map 1 splits counties only as necessary to avoid splitting federal Indian reservations. It follows the general boundaries set forth in the current Commission map, reflecting deference to legislative judgments regarding communities of interest.

   <u>Plaintiffs' Proposed Map 1 appropriately balances the equities.</u>

41. In selecting or crafting a remedy, the Court "must undertake an equitable weighing process to select a fitting remedy for the legal violations it has identified, taking account of what is necessary, what

*Plaintiffs' Proposed Findings of Fact & Conclusions of Law*          12

is fair, and what is workable." *Covington*, 137 S. Ct. at 1625 (cleaned up).

42. Here, the equities require consideration of: (1) the risk of disenfranchisement in this and future elections; (2) the possibility of retaining incumbent and current Commissioners within their districts; and (3) the general workability of any proposed plan.

43. Plaintiffs' Proposed Map 1 does not district any voters out of the districts currently scheduled to vote, and it therefore does not create the risk of disenfranchisement.

44. Plaintiffs' Proposed Map 1 retains all incumbent and current Commissioners within their districts, reducing disruption in future elections.

45. Defendant has not argued that Plaintiffs' Proposed Map 1 is unworkable, and it presents only minimal changes to the current plan. All such changes are incident to reducing population deviation.

Respectfully submitted this 28th day of February, 2021.

/s/ *Constance Van Kley*
Constance Van Kley
Rylee Sommers-Flanagan
Upper Seven Law

/s/ *Joel G. Krautter*
Joel G. Krautter
Netzer Law Office P.C.

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed in CM/ECF on February 28, 2022, and served upon all registered users.

/s/ *Constance Van Kley*
Attorney for Plaintiffs