AUSTIN KNUDSEN
Montana Attorney General
KRISTIN HANSEN
  *Lieutenant General*
DAVID M.S. DEWHIRST
  *Solicitor General*
BRENT MEAD
  *Assistant Solicitor General*
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
david.dewhirst@mt.gov
brent.mead2@mt.gov

EMILY JONES
  *Special Assistant Attorney General*
115 N. Broadway, Suite 410
Billings, MT  59101
Phone:  406-384-7990
emily@joneslawmt.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, HELENA DIVISION

| | |
|---|---|
| BOB BROWN; HAILEY SINOFF; AND DONALD SIEFERT, | Case No. 6:21-cv-00092 |
| Plaintiffs, | |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, | |
| Defendant. | |

Jurisdictional questions persist in this case and prevent Plaintiffs from being able to obtain any of their requested relief.   Plaintiffs' response fails to account for the immutable requirement that they establish standing for each form of relief.   Because, as Plaintiffs acknowledge, Secretary Jacobsen possesses no role in reapportioning the Public Service Commission ("Commission") districts and because she did not cause any of Plaintiffs' alleged injuries, this Court should grant judgment in favor of Secretary Jacobsen.

Furthermore, this case involves Commission districts, not state legislative or Congressional districts.   Montana law defines Commission districts in statute and changing Commission boundaries requires a legislative act to amend the statute.   Plaintiffs' requested relief, therefore, goes beyond the power of the Court because the redistricting relief unavoidably requires amending existing statute.

## I.      Three-judge court jurisdiction is non-waivable.

The three-judge court statute operates as a mandatory command. *See Shapiro v. McManus*, 577 U.S. 39, 43 (2015) (interpreting 28 U.S.C. § 2284).   If the statute's terms apply, then the district court is "*required* to refer the case to a three-judge court." *Id.* (emphasis in original).   By

contrast, if the statute's terms do not apply, then "a single judge, not a three-judge court, must hear the case…" *Bd. of Regents v. New Left Educ. Project*, 404 U.S. 541, 542 (1972). These commands carry through to appeal. *Id.* at 545. Orders from a properly convened three-judge court may be appealed as a matter of right to the United States Supreme Court. 28 U.S.C. § 1253. By contrast, appeals from a single-judge court, or an improperly convened three-judge court, rests with the Court of Appeals. *See Bd. of Regents*, 404 U.S. at 545.

Secretary Jacobsen views 28 U.S.C. § 2284 as non-waivable and the parties cannot consent its application or consent to a denial of its application. For these reasons, Secretary Jacobsen respectfully asks for adjudication of this issue so that the parties may direct any appeal appropriately based upon the order of this Court.

## II. Plaintiffs' three forms of requested relief each fail for different reasons.

Secretary Jacobsen challenges each of Plaintiffs' requested forms of relief under separate theories. *See* (Doc. 25 at 8–20). Plaintiffs mistakenly blur these challenges together. *See* (Doc. 31 at 9) (incorrectly stating that Secretary Jacobsen challenges their standing to seek declaratory and injunctive relief together). Briefly restated, Secretary

Jacobsen challenges Plaintiffs' standing related to their request for declaratory relief because they fail to trace an injury to the Secretary's actions.  (Doc. 25 at 11–14).  Secretary Jacobsen challenges Plaintiffs' standing related to their requested redistricting relief because that relief is conditioned on the inaction of a nonparty and goes beyond Secretary Jacobsen's authority.  (Doc. 25 at 14).  Finally, Secretary Jacobsen only challenges Plaintiffs' injunctive relief on ripeness grounds.  (Doc. 25 at 16–20).  Plaintiffs must satisfy standing and justiciability requirements for each form of relief.  *See Friends of the Earth, Inc. v. Laidlaw Env'tl. Servs. (TOC), Inc.,* 528 U.S. 167, 185 (2000).  Plaintiffs cannot bootstrap standing for one form of relief to the rest of their requested relief.

### A.   Plaintiffs continue to lack standing for the requested declaratory relief.

Plaintiffs state that because Secretary Jacobsen might be the appropriate party for injunctive relief, she is also the appropriate party for all other forms of relief.  *See* (Doc. 31 at 10–11) ("Because the Court can compel Secretary Jacobsen to prevent harm to Plaintiffs, she is the appropriate defendant.").  Secretary Jacobsen, however, possesses no authority over redistricting.  (Doc. 32-1 at 3–4).  Nothing in the cases cited by Plaintiffs obviates the need for a clear line from defendant's

alleged unlawful conduct to the relief requested.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Core to Plaintiffs' argument is a proposition that Secretary Jacobsen can adequately stand in for the state.  (Doc. 31 at 10) (citing *Perry v. Brown*, 671 F.3d 1052, 1071 (9th Cir. 2012).  But *Perry* says nothing of the sort.  Instead, *Perry* clarifies that state law dictates who may stand in to represent the state's interests.  671 F.3d at 1071 ("It is their prerogative, as independent sovereigns, to decide for themselves who may assert their interests and under what circumstances, and to bestow that authority accordingly.").  Nothing in *Perry* absolves Plaintiffs of naming the actual defendants who caused the injury at issue.  As previously argued, Secretary Jacobsen did not cause injuries giving rise to the requested declaratory relief and Plaintiffs therefore lack standing.  (Doc. 25 at 8–14).

Analogizing to *Ex Parte Young*, plaintiffs must establish a specific duty on the part of the defendant to the challenged act.  209 U.S. 123, 157 (1908).  Nothing in *Ex Parte Young*'s reasoning authorizes suits against state officials absent a sufficient causal link.

Plaintiffs' analogy to legislative and congressional redistricting in Montana suffers from two defects; first, the Montana Constitution expressly provides that such plans must be filed with the Secretary of State, and second, the 'plan' at issue here is simple statutory text not a redistricting plan.  On the first point, the Montana Constitution requires the Montana Districting and Apportionment Commission must file its plans with the Secretary and then upon filing dissolves.  MONT. CONST. ART. V, § 14.  Challenges to such plans do involve the Secretary, but historically other parties have been named as well.  *See Old Person v. Cooney*, 230 F.3d 1113, 1117 (9th Cir. 2000) (naming the Governor and Secretary of State as defendants).  Because the districting commission dissolves, that leaves the Secretary as a remaining legal entity.  But this is not a challenge to a constitutional districting plan, it is a challenge to a statute.  (Doc. 1, Prayer for Relief b).  Plaintiffs make clear their issue lies with the statute itself and the Legislature's reluctance to amend the statute.  *See e.g.* (Doc. 1, ¶¶ 34–41); (Doc. 22 at 14, 16, 17, 25).  That alleged injury simply does not trace to Secretary Jacobsen.  *See* (Doc. 32-1 at 3–4).

Earlier cases cited by Plaintiffs provide ample evidence as to how they could have named appropriate defendants to obtain their requested relief. *See e.g.* (Doc. 6 at 38) (citing *S.C. State Conf. of the NAACP v. McMaster*, No. 3:21-cv-03302-JMC, 2021 WL 5853172 (D.S.C. Dec. 9, 2021)). In *McMaster*, Plaintiffs named the President of the South Carolina Senate, the Chairman of the Senate Judiciary Committee, the Speaker of the South Carolina House of Representatives, the Chairman of the Judiciary Committee of the House of Representatives, the Chairman of the Election Laws Subcommittee of the House of Representatives, and others. 3:21-cv-03302-JMC-TJH-RMG, ECF 154, ¶¶ 24–28 (case renamed *S.C. State Conf. of the NAACP v. Alexander et al.*). The plaintiffs named these legislative parties precisely because those individuals possess authority over redistricting and reapportionment. *Id.* In fact, like here, the plaintiffs in *McMasters* detail legislative actions and deliberations that give rise to their claims. *See, e.g., id.* at ¶¶ 66–94, 247–254, Relief Requested i. The difference is that the plaintiffs in *McMasters* named the parties causing their alleged injuries. That did not happen in this case.

Here, because Secretary Jacobsen lacks any authority to redistrict or reapportion, nor can she amend or alter Mont. Code Ann. § 69-1-104, the Plaintiffs lack a necessary causal link.  *See* (Doc. 25 at 8–14); (Doc. 32-1 at 3–4).  As previously argued, the purported injury arises from the conduct of nonparties, not Secretary Jacobsen, and the Plaintiffs cannot impute that conduct onto the only named defendant.  (Doc. 25 at 8–14).  The Court should grant judgment to Secretary Jacobsen and deny Plaintiffs' requested declaratory relief.

### B.   Plaintiffs continue to lack standing for the requested redistricting relief.

Plaintiffs' requested redistricting relief requires this Court to take two-steps.  First, the Plaintiffs impose the condition "should the State fail to act."  (Doc. 1, Prayer for Relief e).  If that condition is met, then the Court should "implement a new Public Service Commission district plan."  *Id.*

Breaking this request down further; the Plaintiffs' condition relies on the "State."  *Id.*  Elsewhere in their Prayers for Relief, Plaintiffs specifically mention the "Defendant."  *See* (Doc. 1, Prayer for Relief c) ("Enjoin Defendant from implementing or enforcing Montana's current Public Service Commission district plan.").  State cannot mean the same

thing as Defendant.  *See* (Doc. 32 at 10–11).  If Plaintiffs meant to say Defendant in place of State, then they failed to do so.  As it is, this condition expressly relies on the independent actions or inactions of a nonparty and that does not confer standing.  *See Lujan*, 504 U.S. at 560 (An injury must be "fairly … traceable to the challenged action of the defendant and not … the result [of] the independent action of some third party not before the court.").

Moreover, by redistricting in this case, the Court must amend Montana statute.  "Adopt" and "implement" in the context of Plaintiffs' Complaint requires amending Mont. Code Ann. § 69-1-104 to bring the statute into conformity with the Fourteenth Amendment.  (Doc. 1, Prayer for Relief d, e).  But courts do not rewrite statutes.  *See United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 479 (1995).  Nor can Secretary Jacobsen alter or amend statute.  (Doc. 32-1 at 4).  Plaintiffs request for relief must fail because it goes beyond the power of the Court and the Secretary.

Plaintiffs subsequent briefing and discovery responses do nothing to allay these issues.  *See* (Doc. 32-1 at 3) (Plaintiffs admit Secretary Jacobsen has no authority to draw or approve Public Service Commission

districts).  Plaintiffs fail to address how Secretary Jacobsen can avoid triggering their proposed condition to forestall a Court-drawn map.  (Doc. 31 at 10–14).  Their discovery responses admit that the Secretary cannot act to alleviate that injury.  (Doc. 32-1 at 3–4).  Secretary Jacobsen cannot redraw Commission district.  *Id.*  Secretary Jacobsen cannot amend Mont. Code Ann. § 69-1-104.  *Id.*  Secretary Jacobsen lacks any legal authority act or fail to act to address the constitutionality of current Commission districts.  Plaintiffs offer no substantive rebuttal to this immutable standing issue.

Secretary Jacobsen noted that she cannot fairly stand in for the State in legal matters.  (Doc. 25 at 14).  Instead, the responsibility of representing the State's interests in courts lies with the Attorney General.  *Id.* (citing Mont. Const. art. VI, § 4).  Plaintiffs confuse this uncontroversial proposition to mean that because the Montana Department of Justice represents Secretary Jacobsen in this matter, that Secretary Jacobsen becomes imbued with the power of the Attorney General.  (Doc. 31 at 12–13).  The Montana Attorney General, in addition to standing in for the State, serves as legal counsel to other state officers.  *See* Montana Constitutional Convention, Committee Proposals, February

17, 1972, p. 442.  In that role, as in this case, serving as legal counsel doesn't permit the Attorney General to subsume the interests of the state official to those of the Attorney General.  *See Mont. Power Co. v. Mont. Dep't of Pub. Serv. Regul.*, 218 Mont. 471, 483–84, 709 P.2d 995, 1002 (1985).  In other words, Montana's constitutional structure prohibits Secretary Jacobsen from representing the State's interest and also prohibits the Attorney General from using his position as legal counsel to do anything other than represent the interests of his client state official.[1]

In sum, Plaintiffs' fail to establish the necessary link between Secretary Jacobsen's actions and their request for redistricting relief.  This Court should issue judgment in favor of Secretary Jacobsen and deny Plaintiffs' requested redistricting relief.

---

[1] Of course, the Montana Attorney General could intervene in this case and represent the state's interest as happened in other cases such as *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019).  However, that intervention hasn't occurred, and Plaintiffs failed to name parties, such as the Attorney General or Governor, who could fairly represent the state interest.  Secretary Jacobsen has instead consistently, and appropriately, cabined her arguments to her actual authority in this matter.  Finally, Plaintiffs insert a letter from nonparties purporting to speak that their interests are represented in this litigation.  (Doc. 31 at 8 n.3).  Secretary Jacobsen remains the only defendant in this case and only her interests are represented through her counsel.

## C.   Plaintiffs' injunctive relief isn't ripe.

Secretary Jacobsen read the Court's January 18, 2022, Order as denying the Secretary's Motion to Dismiss.  (Doc. 19 at 1).  The Court's Order conditioned denial of the Motion to Dismiss for ripeness on the reasoning expressed in the Court's Order Granting the Preliminary Injunction.  *Id.* (citing Doc. 16 at 3–5).  Secretary Jacobsen, therefore, did not read denial of the motion to dismiss as adjudication of the issue on the merits.  To the extent that the Court did finally address these issues on the merits then the Secretary preserves this issue for appeal.

## CONCLUSION

For the aforementioned reasons this Court should grant judgment in favor of Secretary Jacobsen.

DATED this 1st day of March, 2022.

> AUSTIN KNUDSEN
> Montana Attorney General
>
> KRISTIN HANSEN
>   *Lieutenant General*
>
> DAVID M.S. DEWHIRST
>   *Solicitor General*
>
> EMILY JONES
>   *Special Assistant Attorney General*

*/s/ Brent Mead*
BRENT MEAD
 *Assistant Solicitor General*
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
p. 406.444.2026
brent.mead2@mt.gov

*Attorney for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is 2,131 words, excluding tables of content and authority, certificate of service, certificate of compliance, and exhibit index.

*/s/ Brent Mead*
NAME OF ATTORNEY

## CERTIFICATE OF SERVICE

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: March 1, 2022        */s/ Brent Mead*
                            NAME OF ATTORNEY