IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOB BROWN, HAILEY SINOFF, and DONALD SEIFERT, | CV 21–92–H–PJW–DWM–BMM |
| Plaintiffs, | |
| vs. | ORDER |
| CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, | |
| Defendant. | |

The parties jointly submit the following proposed final pretrial order pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii), Local Rule 16.4, and the Court's Scheduling Order of January 12, 2022 (Doc. 17).

I.    **Nature of Action.**

Plaintiffs have brought a single claim for relief, alleging that the current Montana Public Service Commission map is unconstitutionally malapportioned in violation of the Equal Protection Clause's one-person, one-vote rule.  They request that the Court: declare the current Commission districting plan unconstitutional; enjoin Defendant from implementing or enforcing the current Commission

districting plan; adopt a new Commission districting plan; and order Defendant to implement that districting plan.

Defendant Secretary of State Christi Jacobsen contends that Plaintiffs have failed to state a claim upon which relief can be granted and that numerous threshold issues bar the Court from granting Plaintiffs' requested relief.  Defendant also contends a three-judge district court is not appropriate under the circumstances of this case.  If the Court reaches the merits, however, Defendant asserts that current Commission districts are presumptively constitutional based on controlling case law. Alternatively, the Secretary's proposed map more closely adheres to legislative criteria and policies than any of Plaintiffs' proposed maps.

## II.   Jurisdiction & Venue.

The parties dispute justiciability.  Defendant argues that Plaintiffs' claim is not ripe because the Montana Legislature—the body responsible for PSC redistricting—has not had an opportunity to act on the 2020 Census data.  Further, Defendant contends that Plaintiffs lack Article III standing for their requested relief because they cannot trace an injury to Defendant's conduct and the Secretary has no authority to redraw PSC districts.

Plaintiffs' claim arises under the United States Constitution and 42 U.S.C. § 1983, and if the Court reaches the merits, it has federal question jurisdiction.  28 U.S.C. § 1331.

Personal jurisdiction is not disputed. Venue is appropriate in the Helena Division of the United States District Court for the District of Montana because Lewis and Clark County, Montana is home to Defendant Jacobsen and the Secretary of State's Office. 28 U.S.C. § 1391; D. Mont. L.R. 3.2(b).

Secretary Jacobsen also contests that 28 U.S.C. § 2284 authorizes a three-judge district court in this case. Plaintiffs contend that a three-judge court properly was convened but that the three-judge court may be dissolved in light of their consent to adjudication by a single district court judge.

## III.   Jury or Nonjury.

Trial will not be by jury.

## IV.   Agreed Facts.

The following facts are agreed upon and require no proof:

### Parties

1.     Plaintiff Bob Brown is a resident of Flathead County, which falls within the Public Service Commission ("Commission") District 5. Plaintiff Brown intends to vote in the 2022 election for District 5 Commissioner.

2.     Plaintiff Hailey Sinoff is a resident of Gallatin County, which falls within Commission District 3. Plaintiff Sinoff is not currently eligible to vote for a Public Service Commissioner in 2022. Plaintiff Sinoff is scheduled to vote for a Commissioner in 2024.

3.    Plaintiff Donald Seifert is a resident of Gallatin County, which falls within Commission District 3.  Plaintiff Seifert is not currently eligible to vote for a Public Service Commissioner in 2022.  Plaintiff Seifert is scheduled to vote for a Commissioner in 2024.

4.    Defendant Christi Jacobsen is the Montana Secretary of State.  The Secretary of State's office is in Lewis and Clark County, Montana.

**Public Service Commission**

5.    The Montana Public Service Commission is a state executive branch agency and the head of the department of public service regulation.

6.    The Commission generally regulates certain utilities, motor carriers, and pipelines.  The Commission possesses rulemaking, rate setting, investigatory, and quasi-judicial authority to carry out its regulatory function.

7.    The Commission consists of five commissioners.  Montana statute defines five geographic districts, based on county boundaries, and provides that one commissioner shall be elected from each district.

8.    The districts are currently defined as:

   a.  first district: Blaine, Cascade, Chouteau, Daniels, Dawson, Fergus, Garfield, Hill, Judith Basin, Liberty, McCone, Petroleum, Phillips, Richland, Roosevelt, Sheridan, Toole, Valley, and Wibaux Counties;

b.  second district: Big Horn, Carbon, Carter, Custer, Fallon, Powder River, Prairie, Rosebud, Treasure, and Yellowstone Counties;

c.  third district: Beaverhead, Broadwater, Deer Lodge, Gallatin, Golden Valley, Jefferson, Madison, Meagher, Musselshell, Park, Silver Bow, Stillwater, Sweet Grass, and Wheatland Counties;

d.  fourth district: Granite, Lincoln, Mineral, Missoula, Powell, Ravalli, and Sanders Counties;

e.  fifth district: Flathead, Glacier, Lake, Lewis and Clark, Pondera, and Teton Counties.

9.     The current Commission districts were created by the Montana Legislature in 2003.

## 2021 Montana Legislature and 2020 Census

10.    The 2021 Montana Legislature adjourned on April 29, 2021.

11.    The United States Census Bureau released its 2020 Census data to the states on August 12, 2021.

## United States Census Data

12.    Decennial censuses have been conducted twice since 2003—once in 2010, and again in 2020.

13.    As of the 2020 Census, Montana's total population is 1,084,225.

14.   As of the 2020 Census, the ideal Commission district population is 216,845.

15.   As of the 2020 Census, the population of District 1 is 186,616.

16.   As of the 2020 Census, the population of District 2 is 216,532.

17.   As of the 2020 Census, the population of District 3 is 239,748.

18.   As of the 2020 Census, the population of District 4 is 208,963.

19.   As of the 2020 Census, the population of District 5 is 232,366.

20.   If measured by the 2020 Census, the current maximum population deviation is 24.5%.  This figure was determined by calculating the difference in deviation from ideal between District 1 (-13.94%) and District 3 (+10.56%).

21.   The following map accurately shows the current PSC district boundaries and population figures:



District 1: 186,616 (-30,229, -13.94%)
District 2: 216,532 (-313, -0.14)
District 3: 239,748 (+22,903, +10.56%)
District 4: 208,963 (-7,882, -3.36%)
District 5: 232,366 (+15,521, +7.16%)

22.    The following map accurately shows the population of each Montana

county as of the 2020 Census:

Population Density in Montana Counties: 2020



23.     The parties have accurately represented the population figures for all proposed maps.

24.     Davesredistricting.com is an appropriate source for creating maps using 2020 United States Census data.  The parties' proposed maps are available at the following urls:

    a.  Plaintiffs' Proposed Map 1:

        https://davesredistricting.org/join/c27c6808-8a40-4f91-8732-

        b52c28c1ef85

    b.  Plaintiffs' Proposed Map 2:

8

    https://davesredistricting.org/join/e84d16bd-337b-4904-94e9-

    445996c594a9

  c. Plaintiffs' Proposed Map 3:

    https://davesredistricting.org/join/8f7e81f5-31fa-45c1-8e3b-

    b78cc5875436

  d. Defendant's Proposed Map:

    https://davesredistricting.org/maps#viewmap::c4d36266-6f69-

    4bad-a0fd-a316bcc10f09

  25. Population figures appearing on Davesredistricting.com, including those generated by the website to analyze the parties' maps, are accurate.

  26. The population figures for those precincts split from the remainder of the counties in Plaintiffs' proposed maps are as follows:

  a. Flathead County, Precinct 24 (1,419) (remaining county population is 102,938).

  b. Missoula County, Evaro (1,183) (remaining county population is 116,739).

  c. Pondera County, Heart Butte (775), Valier (530), Valier Rural (749) (remaining county population is 3,844).

  d. Sanders County, Dixon (514), Hot Springs (1,461) (remaining county population is 10,425).

## Defendant Secretary of State Christi Jacobsen

27.    The Montana Districting and Apportionment Commission files federal congressional and state legislative districting plans with Defendant Christi Jacobsen.

28.    Defendant Christi Jacobsen has no authority to draw or approve PSC districts.

29.    The State of Montana and the Montana Legislature are not named parties in this litigation.

30.    Amending Montana Code Annotated § 69-1-104 requires an act of the Montana Legislature.

31.    Defendant Christi Jacobsen cannot amend Montana Code Annotated § 69-1-104.

### V.    Elements of Liability.

A plaintiff's claim for violation of the one-person, one-vote rule requires satisfaction of the following elements:

(a)    The application of the rule to the challenged government body. Plaintiffs contend that the Commission is a popularly elected statewide body that performs general government functions such that the rule applies.

(b)    Maximum population deviation of greater than 10%. As measured by the 2020 Census, the current maximum population deviation is 24.5%.

10

> (c)    Lack of justification for the population deviation. Plaintiffs argue that the State has not prioritized any redistricting criterion above compliance with the one-person, one-vote rule.

## VI.    Defense Elements.

Defendant denies liability in this case. Defendant argues threshold justiciability issues of standing and ripeness prevent the Court from reaching the merits of Plaintiffs' claims.

1.    Plaintiffs must establish standing for each form of relief requested.

Regarding the requested declaratory relief, Defendant argues:

2.    Plaintiffs must establish standing against the Defendant.

Regarding the requested redistricting relief, Defendant argues:

3.    Plaintiffs must establish standing against the Defendant.

Regarding the requested injunctive relief against the Defendant, Plaintiffs' claims aren't ripe. Defendant argues:

4.    Plaintiffs must establish that the proper reapportioning body, (a) failed to reapportion in a timely fashion, after (b) having had an adequate opportunity to do so.

5.    The timeliness element speaks to the 2024 elections not the 2022 elections.

6.     The Montana Legislature has not had an adequate opportunity to consider the 2020 Census data.

Regarding appropriate remedies if the Court proceeds to the requested redistricting relief, Defendant argues:

7.     Courts may not intrude any more than necessary to cure legal defects in the current districts; and

8.     Courts must also defer to unobjectionable aspects of a state plan.

On the merits, Defendants argue:

9.     Plaintiffs must establish current Commission districts are unconstitutional vis-à-vis the 2010 Census to overcome the current districts' presumption of constitutionality through the 2022 elections.

10.    Plaintiffs must establish that the current districts under the 2020 Census are unconstitutional.

11.    Plaintiffs must also establish that the Secretary of State, as the only Defendant: (a) possesses redistricting authority, (b) had an adequate opportunity to redistrict the Commission following the 2020 Census, and (c) failed to exercise that opportunity in a timely fashion.

12.    On remedy, Defendant disagrees with Plaintiff that a less than 10% deviation is the only criterion the Court should consider.  This is a triable fact issue.

The Montana Legislature has made clear that Commission districts must follow county boundaries, be contiguous and compact, and respect communities of interest.

## VII.    Relief Sought.

Plaintiffs seek (1) a declaration that the current Commission map is unconstitutional; (2) a Court-adopted map that satisfies legal requirements and promotes the equities; and (3) an injunction requiring Secretary Jacobsen to implement the Court-adopted map in the 2022 election and until the legislature adopts a new map or otherwise restructures the Commission.

Defendant objects to Plaintiffs' requested relief for the reasons stated in "Defense Elements" and in her briefing before the Court.

## VIII.   Legal Issues.

Plaintiffs assert that all remaining legal issues are fully presented in the parties' summary judgment briefing.

Defendant asserts the following legal issues:

1.      Whether a three-judge panel is appropriate in this case based on the language of 28 U.S.C. § 2284(a).  (Doc. 25 at 4–7).

2.      Whether Plaintiffs' requested injunctive relief is ripe based on whether the Montana Legislature has had sufficient opportunity to redraw PSC districts based on 2020 Census data.  *See White v. Weiser*, 412 U.S. 783 (1973).  (Doc. 25 at 16–20).

3.      Whether Plaintiffs have standing to related to their requested declaratory relief based on issues of traceability and redressability.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000); *Seven Words, LLC v. Network Solutions*, 260 F.3d 1089 (9th Cir. 2001).  (Doc. 25 at 11–14).

4.      Whether Plaintiffs have standing related to their requested redistricting relief based on the constitutional and statutory authority of the Montana Secretary of State.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000).  (Doc. 25 at 14–16).

5.      Whether the Court can afford Plaintiffs' requested relief as against the named Defendant.

6.      Whether the Court can amend Mont. Code Ann. § 69-1-104.

7.      Whether current Commission districts are presumptively constitutional.

Additionally, Defendant asserts the following fact issues for trial:

1.      What criteria applies to Commission redistricting efforts.

2.      Whether Plaintiffs' maps comport with the applicable redistricting criteria.

3.      Whether Defendant's map comports with the applicable redistricting criteria.

**IX.   Dismissals.**

14

Plaintiffs do not dismiss any claims.

Defendant requests dismissal of Plaintiffs' claim for the reasons stated above and in its briefing submitted of record.

## X.    Witnesses.

The parties jointly stipulate to the submission of the reports of their respective disclosed expert witnesses in lieu of live testimony.  The parties jointly stipulate to a mutual waiver of all evidentiary objections regarding the admissibility of expert reports and affidavits by the experts, including but not limited to hearsay, relevance, and foundation.  The parties do not waive arguments regarding the relevance of any substantive opinion presented in any such expert report or affidavit.  The parties stipulate that all expert disclosures were timely and proper.  The parties' expert witness reports are attached.  Defendant also files concurrently with this proposed final pretrial order her expert's affidavit, and Plaintiffs do not object.  The parties agree no witnesses will be called at trial.

## XI.    Exhibits.

See attached exhibit lists.

**XII. Use of Discovery Documents.**

Plaintiffs do not expect to introduce discovery materials at trial.

Defendant expects to offer Plaintiffs' Responses to Requests for Admission Nos. 1–5.

**XIII.    Estimate of Trial Time.**

Plaintiffs do not believe trial is necessary because there are no disputed issues of fact.  Defendant did not file a statement of undisputed facts to support her motion for summary judgment, and she did not file a statement of disputed facts with her response to Plaintiffs' motion.

Defendant believes a trial is necessary on the issues of whether Plaintiffs state a claim for which this Court can grant the requested relief, what criteria apply to Commission redistricting, and which submitted map best adheres to the applicable criteria, if the Court reaches these issues after deciding the legal issues identified above.  Defendant anticipates trial will take a total of 2–4 hours.

**XIV.  Expert Reports.**

Mr. Fred Thomas's expert report and rebuttal report are attached hereto as Exhibit A and B, respectively.  Mr. Thomas's affidavit based upon his expert reports

is submitted as Exhibit D.  The Honorable Jim Regnier's expert report is attached as Exhibit C.

## XV.    Supersession.

This Order supersedes the pleadings in this matter.  Additionally,

The March 4, 2022 pretrial conference will be conducted in court, on the record.  (*See* Doc. 17.)  The parties will need to explain ¶ 10 above as to how a trial may be conducted without witnesses given Jacobsen's argument that there are factual disputes.

DATED this *2nd* day of March, 2022.

12:40 P.M.

Donald W. Molloy, District Judge
United States District Court

17