Constance Van Kley
Rylee Sommers-Flanagan
  Upper Seven Law
  P.O. Box 31
  Helena, MT 59624
  (406) 306-0330
  constance@uppersevenlaw.com
  rylee@uppersevenlaw.com

Joel G. Krautter
  Netzer Law Office P.C.
  1060 S. Central Ave. Ste. 2
  Sidney, MT 59270
  (406) 433-5511
  joelkrautternlo@midrivers.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| BOB BROWN; HAILEY SINOFF; and DONALD SEIFERT, | |
| *Plaintiffs,* | Cause No. 6:21-cv-92-PJW-DWM-BMM |
| vs. | |
| CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, | **Brief in Support of Plaintiffs' Motion for Attorney's Fees** |
| *Defendant.* | |

## TABLE OF CONTENTS

Table of Authorities ........................................................................... iii

Exhibit List........................................................................................ vi

Introduction ........................................................................................ 1

Legal Standards .................................................................................. 2

    I.   Statutory Authority: 42 U.S.C. § 1988 & 52 U.S.C. § 10310 ........ 2

    II.  Calculation of Fees ........................................................................ 3

Argument............................................................................................ 3

    I.   Plaintiffs should be awarded fees under 42 U.S.C. § 1988 & 52 U.S.C. § 10310(e) because they are prevailing parties ............... 3

        A.   Plaintiffs seek reasonable rates ............................................ 5

        B.   Plaintiffs seek only compensation for hours reasonably expended on this litigation .................................................... 6

    II.  The twelve-factor test identified in Hensley reinforces the reasonableness of Plaintiffs' request ............................................ 7

        1.   The time and labor required .................................................... 8

        2.   The novelty and difficulty of the questions............................ 9

        3.   The skill requisite to perform the legal service properly ... 10

        4.   The preclusion of employment by the attorney due to acceptance of the case ......................................................... 10

        5.   The customary fee ............................................................... 11

6. Whether the fee is fixed or contingent ................................11

7. Time limitations imposed by the client or the...................11

8. The amount involved and the results obtained .................12

9. The experience, reputation, and ability of the attorneys...12

10. The "undesirability" of the case...........................................12

11. The nature and length of the professional relationship with the client ...............................................................................13

12. Awards in similar cases .....................................................13

III. Plaintiffs' request for paralegal fees is reasonable.....................14

IV. Plaintiffs' request for costs, including expert fees, is reasonable ............................................................................16

Conclusion.............................................................................18

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Benton v. Or. Student Assistance Comm'n*,
    421 F.3d 901 (9th Cir. 2005)..............................................................4

*Bethune-Hill v. Va. State Bd. of Elections*, 3:14-cv-852, 2020 WL
    5577824 (D. Va. Sept. 17, 2020) ..................................................17

*Blanchard v. Bergeron*, 489 U.S. 87 (1989) ..............................................3

*Brown v. Ky. Leg. Research Comm'n*, 2:13-CV-068-WOB-GFVT-DJB,
    2014 WL 12862253 (E.D. Ky. May 9, 2014) ..................................14

*City of Riverside v. Rivera*, 477 U.S. 561 (1986) ....................................4

*Davis v. Guam*, 11-00035, 2019 WL 1512266 (D. Guam April 8, 2019) 17

*Farrar v. Hobby*, 506 U.S. 103 (1992) ......................................................4

*Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013)..................4

*Grove v. Wells Fargo Financial*, 606 F.3d 577 (9th Cir. 2010) ..............16

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)................................1, 3, 4, 7, 8

*Jackson v. Bd. of Trustees of Wolf Point*, No. CV 13-65-GF-BMM-RKS,
    2014 WL 1794551 (D. Mont. April 21, 2014) ...........................5, 15

*Klein v. City of Laguna Beach*, 810 F.3d 693 (9th Cir. 2016)..............4, 8

*McColl v. Allied Prof'ls Ins. Co.*, No. CV 17-40-H-SHE-TJC, 2018 WL
    5253501 (D. Mont. Oct. 22, 2018).................................................5

*Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989) ................................15

*Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966
   (E.D. Wash. June 19, 2015) ...................................................14, 17

*Myers v. Thompson*, 2019 WL 1369005 ..................................................15

*Nance v. Jewell*, No. CV 06-125-BLG-DLC,
   2014 WL 948844 (March 11, 2014) ...................................................6

*Nat'l Ass'n for Advancement of Colored People v. E. Ramapo Cent. Sch.
   Dist.*, 2020 WL 7706783 (S.D.N.Y. Dec. 29, 2020) .......................13

*OCA-Greater Houston v. Texas*, 1:15-cv-00679-RP, 2016 WL 9651777
   (W.D. Tex. Aug. 12, 2016) ...........................................................17

*Pope v. Cty. of Albany*, No. 1:11-cv-0736 (LEK/CFH), 2015 WL 5510944
   (N.D.N.Y Sept. 16, 2015) ..............................................................17

*Raleigh Wake Citizens Ass'n v. Wake Cty. Bd. of Elections*, 2017 WL
   4400754 (E.D.N.C. Sept. 29, 2017) ...........................................13, 17

*Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008)...........................15

*Scottrade, Inc. v. Davenport*, CV 11-03-BLG-RFC, 2012 WL 12887908
   (D. Mont. July 31, 2012) .........................................................15, 16

*Strickland v. Truckers Express, Inc.*, No. CV 95-62-M-JCL, 2007 WL
   496368 (D. Mont. Feb. 12, 2007) ...................................................5

*Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782
   (1989) ...........................................................................................4

*Thomas v. Reeves*, No. 3:18-cv-441-CWR-FKB, 2021 WL 517038 (N.D.
   Miss. Feb. 11, 2021) .....................................................................13

*Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021) ..................................2

*Veasey v. Abbott*, 2020 WL 9888360 (S.D. Tex. May 27, 2020)..............13

*Wigton v. State Farm Fire & Cas. Co.*, No. CV 20-98-M-DWM, 2021 WL 5579244 (D. Mont. Nov. 30, 2021) ...............................................5, 15

*Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078 (D. Mont. 2019) ..........15

## Statutes

28 U.S.C. § 1961 ...............................................................................19

42 U.S.C. § 1981 .................................................................................2

42 U.S.C. § 1983 .............................................................................2, 3

42 U.S.C. § 1988 .........................................................................1, 2, 3

52 U.S.C. § 10310 .......................................................1, 2, 3, 16, 17

## Other Authorities

*Civil Rights Attorney's Fees Awards Act of 1976*.................................1, 2

Fed. R. Civ. P. 1 ................................................................................9

*Brief in Support of Motion for Attorney's Fees*                                    v

## <u>Exhibits</u>

Exhibit 1 ............................................Declaration of Constance Van Kley

Exhibit 2 .................................. Declaration of Rylee Sommers-Flanagan

Exhibit 3 .......................................................Upper Seven Law Timesheet

Exhibit 4 ........................................................................ Regnier Timesheet

Exhibit 5 ...........................................................Declaration of Emily Cross

Exhibit 6 .........................................................Declaration of Joel Krautter

Exhibit 7 ........................................................Netzer Law Firm Timesheet

## INTRODUCTION

Plaintiffs Bob Brown, Hailey Sinoff, and Donald Seifert filed suit on December 6, 2021, alleging that the current Montana Public Service Commission district map is unconstitutionally malapportioned in violation of the Fourteenth Amendment's one-person, one-vote rule. Plaintiffs filed a successful Motion for a Temporary Restraining Order and/or Preliminary Injunction shortly thereafter, on December 17, 2021. The Court set an expedited briefing schedule, and the parties filed cross-motions for summary judgment on February 7, 2022.

Pursuant to 42 U.S.C. § 1988 and 52 U.S.C. § 10310, Plaintiffs now seek their reasonable attorney's fees incurred in the prosecution of this matter. Plaintiffs' request for fees furthers "[t]he purpose of § 1988"—"to 'ensure effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting *Civil Rights Attorney's Fees Awards Act of 1976*, H.R. Rep. No. 94-1558, p. 1 (1976)). Indeed, under § 1988, "a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Id.* at 429 (quoting *Civil Rights Attorney's*

*Fees Awards Act of 1976*, S. Rep. No. 94-1011, p. 4 (1976), U.S. Code Cong. & Admin. News 1976, p. 5912).

## LEGAL STANDARDS

### I.   Statutory Authority: 42 U.S.C. § 1988 & 52 U.S.C. § 10310

"In any action or proceeding to enforce a provision of [42 U.S.C. § 1983] . . . , the Court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b). Similarly, "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs."  52 U.S.C. § 10310(e).  Section 10310(e) and § 1988(b) "are identically construed because they share similar language and purpose."  *Veasey v. Abbott*, 13 F.4th 362, 368 (5th Cir. 2021).[1]

---

[1] The only meaningful difference between 42 U.S.C. § 1988 and 52 U.S.C. § 10310 is that § 10310 expressly authorizes an award of expert fees in the circumstances presented here, while § 1988 authorizes expert fees solely in actions brought under 42 U.S.C. §§ 1981 & 1981a.  *See infra* pp. 16–18.

## II. Calculation of Fees

Attorney's fees generally are determined by multiplying the reasonable hours expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This method of calculating fees is referred to as the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (the "strong presumption that the lodestar figure . . . represents a reasonable fee is wholly consistent with the rationale behind [section 1988].""). When litigation of a § 1983 case leads to "excellent results," the plaintiff's attorney "should recover a fully-compensatory fee." *Hensley*, 461 U.S. at 435. "Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.*

## ARGUMENT

### I.   Plaintiffs should be awarded fees under 42 U.S.C. § 1988 & 52 U.S.C. § 10310(e) because they are prevailing parties.

Plaintiffs consciously brought a single claim against a single defendant for the purpose of expediting proceedings. They filed two motions: a motion for a temporary restraining order and/or preliminary injunction, (Doc. 5), and a motion for summary judgment, (Doc. 21).

Plaintiffs prevailed on their request for preliminary relief, (Docs. 7 & 16), and on the merits (Doc. 44).

"[T]he most critical factor" in any fee award "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). Plaintiffs did not merely "succeed on a significant issue," which would be enough for a fee award, but the Court granted Plaintiffs complete relief. *Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 789–90 (1989); *see Benton v. Or. Student Assistance Comm'n*, 421 F.3d 901, 905 (9th Cir. 2005) (explaining that even an award of nominal damages may support a fee award). Plaintiffs achieved "excellent results," and their attorneys therefore "should recover a fully compensatory fee." *City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986) (quoting *Hensley*, 461 U.S. at 435).

Plaintiffs ask the Court to apply "the 'lodestar method,' i.e., multiplying 'the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)). Plaintiffs seek recovery for the hours "reasonably expended" at the "reasonable hourly

rates" of: $285/hour for Attorney Rylee Sommers-Flanagan; $275/hour for Attorneys Joel Krautter and Constance Van Kley; and $80 for staff member Jacob Linfesty.

### A. Plaintiffs seek reasonable rates.

Plaintiffs' rates are based on prevailing market rates for attorneys and staff in Montana with similar backgrounds and credentials. *See Strickland v. Truckers Express, Inc.*, No. CV 95-62-M-JCL, 2007 WL 496368, at *6 (D. Mont. Feb. 12, 2007). Plaintiffs' requested rates are similar—or lower—to rates recently found reasonable by this Court. *See Wigton v. State Farm Fire & Cas. Co.*, No. CV 20-98-M-DWM, 2021 WL 5579244 (D. Mont. Nov. 30, 2021) (awarding fees at rates of $300 to $350/hour); *McColl v. Allied Prof'ls Ins. Co.*, No. CV 17-40-H-SHE-TJC, 2018 WL 5253501, at *1 (D. Mont. Oct. 22, 2018) (awarding $275/hour rate for costs incurred in motion to compel discovery); *Jackson v. Bd. of Trustees of Wolf Point*, No. CV 13-65-GF-BMM-RKS, 2014 WL 1794551 (D. Mont. April 21, 2014) (awarding fees at rates ranging from $200 to $425 in partially successful Equal Protection challenge to malapportioned school board districts resolved via consent decree), *findings and recommendation adopted as modified by* 2014 WL 1791229

(D. Mont. May 6, 2014); *Nance v. Jewell*, No. CV 06-125-BLG-DLC, 2014 WL 948844 (March 11, 2014) (awarding fees at rates ranging from $300 to $500).

Attorney Krautter's requested rate is the rate he generally charges his clients.  Ex. 6, Decl. Krautter, ¶ 8.  Attorneys Sommers-Flanagan's and Van Kley's rates are supported by attorney declaration and are equivalent to market rates charged by attorneys with similar backgrounds and experience.  Ex. 5, Decl. Emily Cross, ¶¶ 6–8.

### B. Plaintiffs seek only compensation for hours reasonably expended on this litigation.

Plaintiffs seek recovery for attorney time reasonably spent in obtaining victory on the merits.  The hours spent by Plaintiffs' counsel are reflected in contemporaneous time records kept by counsel, which are collected in itemized time statements provided in exhibits to the declarations of Constance Van Kley, Joel Krautter, and Rylee Sommers-Flanagan.  These statements reflect counsel's exercise of billing judgment to eliminate unnecessary and redundant time entries and time spent on media outreach.

Plaintiffs reasonably expended attorney hours are summarized below.

*Brief in Support of Motion for Attorney's Fees*                    6

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Constance Van Kley | $275 | 303.8 | $83,545.00 |
| Rylee Sommers-Flanagan | $285 | 35.7 | $10,174.50 |
| Joel Krautter | $275 | 116 | $31,900.00 |
| | | | $125,619.50 |

Ex. 1, Van Kley Decl., ¶ 12; Ex. 2, Sommers-Flanagan Decl., ¶ 12; Ex. 6, Krautter Decl,, ¶ 11; Ex. 3, Upper Seven Law Timesheet; Ex. 7, Netzer Law Firm Timesheet.

Plaintiffs' counsel efficiently prosecuted this case. Attorney Van Kley served as lead counsel and assumed initial drafting duties for all filed documents and discovery documents. Attorneys Sommers-Flanagan and Krautter reviewed and edited draft work product and assisted greatly in developing case strategy and in preparing Attorney Van Kley for oral arguments. Attorney Krautter also performed a great deal of the initial case investigation work.

## II.   The twelve-factor test identified in *Hensley* reinforces the reasonableness of Plaintiffs' request.

Under *Hensley*, courts may adjust the lodestar up or down based on: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  461 U.S. at 430 n.3; *see Klein v. Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016).

Analysis of all twelve factors demonstrates that Plaintiffs' fee request is reasonable and modest.

### 1. The time and labor required

Plaintiffs seek recovery only of necessary fees for their time and labor.  Indeed, Plaintiffs' counsel litigated this matter with an eye toward avoiding unnecessary disputes and streamlining proceedings for the benefit of the Court and all parties.  For example, Plaintiffs did not name unnecessary parties.  Plaintiffs also did not dispute the timeliness of Defendant's Answer or other responsive pleading but instead stipulated to construing Defendant's Response to Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction as a timely motion to dismiss. (*See* Doc. 19.)  Similarly, Plaintiffs' counsel negotiated discovery deadlines and expert disclosure deadlines with opposing counsel to avoid

court involvement and "secure the just, speedy, and inexpensive determination" of this proceeding.  Fed. R. Civ. P. 1.  Further, despite a disagreement between the parties as to the appropriateness of a bench trial, Plaintiffs prepared all trial materials in light of Defendant's contention that trial was warranted.

The requested fee award seeks recovery only for work that was reasonably necessary to the successful prosecution of Plaintiffs' claim. This factor weighs in favor of a full fee award.

### 2.  The novelty and difficulty of the questions

Plaintiffs' fee request appropriately considers the novelty and difficulty of the questions presented by this lawsuit.   This matter presented several novel questions, including: (1) whether the one-person, one-vote rule applies to Montana's Public Service Commission; (2) whether the Court could and should act before the Montana Legislature meets in its next regular session; and (3) how to draw a map that adequately reflects the appropriate criteria in the absence of clear direction from the Montana Legislature.  Plaintiffs' counsel's work in this matter required exhaustive research of redistricting caselaw dating back 60 years.

This factor weighs in favor of a full fee award.

### 3. The skill requisite to perform the legal service properly

Particularly given the expedited timeline, this matter required advanced research and writing skills. Plaintiffs' counsels' hourly rates adequately balance their skills in legal research and writing, their backgrounds and credentials, and their experience.

This factor weighs in favor of Plaintiffs' request.

### 4. The preclusion of employment by the attorney due to acceptance of the case

This matter was litigated to conclusion in fewer than four months. During that period of time, Plaintiffs' lead attorney, Constance Van Kley, spent approximately half of her work time litigating this matter (inclusive of both recoverable and nonrecoverable hours). Because of the demands of this litigation, Attorney Van Kley and Upper Seven Law were unable to pursue other viable claims presented to them. Given the expedited briefing schedule and extensive contact with co-counsel Van Kley in assisting with issues related to this case, Attorney Krautter similarly reduced his acceptance of representation in other legal matters during the course of this litigation, due to the uncertainties of the case demands and tight time-constraints of the expedited briefing schedule.

This factor supports Plaintiffs' full fee award.

### 5.  The customary fee

The requested fees are in line with market rates for other, similarly experienced and skilled attorneys in Montana.  Attorney Joel Krautter requests reimbursement for his customary fee of $275/hour.  Ex. 6, Krautter Decl., ¶ 8.  Attorneys Sommers-Flanagan's and Van Kley's requested rates of $285/hour and $275/hour, respectively, are supported by the Declaration of Emily Cross, an attorney with similar background and experience who regularly charges commercial clients a fee of $290/hour.  Ex. 5, Cross Decl., ¶¶ 6–8.

This factor weighs in favor of the full fee award.

### 6.  Whether the fee is fixed or contingent

Plaintiffs' counsel agreed to take this case without charge to Plaintiffs.  This factor does not affect the reasonableness of the requested award.

### 7.  Time limitations imposed by the client or the circumstances

Because Plaintiff Bob Brown faced imminent constitutional injury in the 2022 election cycle, litigation was expedited.  The circumstances

required counsel to prioritize this matter above all others and to make strategic choices to streamline proceedings.

This factor weighs in favor of a full fee award.

## 8.  The amount involved and the results obtained

This matter did not involve a claim for damages but only declaratory and injunctive relief.  Plaintiffs received complete relief.

This factor weighs in favor of a full fee award.

## 9.  The experience, reputation, and ability of the attorneys

Plaintiffs' counsel are highly capable and developing strong reputations for public interest and constitutional litigation.  Although counsel are all fairly recent entrants into the legal market, their proposed fees sufficiently balance their experience against their reputations and demonstrated ability.

The fee award requested by Plaintiffs fully considers counsels' experience, reputation, and ability.

## 10.   The "undesirability" of the case

Few attorneys would have taken this case, as it required a great deal of work with no opportunity for a contingency or hourly fee from clients.  Further, as discussed with the Court at the preliminary

injunction hearing and bench trial, the Montana Legislature could have acted to moot Plaintiffs' claim at any time prior to entry of judgment.

The "undesirability" of the case weighs in favor of Plaintiffs' full request for fees.

### 11. The nature and length of the professional relationship with the client

Plaintiffs' counsel have not previously represented and do not regularly represent the clients in this matter in other litigation proceedings. This factor has no bearing on the reasonableness of the requested award.

### 12. Awards in similar cases

Attorney's fee awards in recent federal voting rights cases generally reach multiple hundreds of thousands of dollars. *See Thomas v. Reeves*, No. 3:18-cv-441-CWR-FKB, 2021 WL 517038 (N.D. Miss. Feb. 11, 2021) (Voting Rights Act challenge to single state senate district; award of $567,909.07); *Nat'l Ass'n for Advancement of Colored People v. E. Ramapo Cent. Sch. Dist.*, 2020 WL 7706783 (S.D.N.Y. Dec. 29, 2020) (Report & Recommendation) (Voting Rights Act challenge to at-large apportionment scheme; recommended award of $3,714,834.38); *Veasey v. Abbott*, 2020 WL 9888360 (S.D. Tex. May 27, 2020) (challenge to voter ID

law; award of $5,851,388.28); *Raleigh Wake Citizens Ass'n v. Wake Cty. Bd. of Elections*, 2017 WL 4400754 (E.D.N.C. Sept. 29, 2017) (partially successful one-person, one-vote challenge to county school board and county board of commissioners; award of $375,520.39); *Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966 (E.D. Wash. June 19, 2015) (Voting Rights Act challenge to city electoral system; award of $1,521,911.50); *Brown v. Ky. Leg. Research Comm'n*, 2:13-CV-068-WOB-GFVT-DJB, 2014 WL 12862253 (E.D. Ky. May 9, 2014) (Report & Recommendation) (consolidated one-person, one-vote challenges to stale map; total award of $173,158.50).[2]

This factor supports the reasonableness of Plaintiffs' request.

---

[2] *Brown* is likely the most analogous case in that it involved a similar claim and was decided on summary judgment. After the state supreme court struck a recently redistricted map under state law in 2012, the state resumed use of a 2002 map. *Brown*, 966 F. Supp. 2d 709, 711–13 (E.D. Ky. 2013). In 2013, the three-judge district court declared the 2002 legislative map unconstitutionally malapportioned and enjoined its continued use. *Id.* at 726. The state legislature subsequently met in special session and passed a new map, the constitutionality of which the plaintiffs did not challenge. *Id.*, 2:13-CV-068-WOB-GFVT-DJB, 2013 WL 12320875 (E.D. Ky. Oct. 31, 2013).

### III.   Plaintiffs' request for paralegal fees is reasonable.

Plaintiffs seek recovery of a reasonable hourly rate for certain work performed by Upper Seven Law's Impact Associate, Jacob Linfesty.  It is "self-evident" that the term "attorney's fee" historically has included fees for paralegal services.  *Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 582 (2008); *see also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 289 (1989) (authorizing payment of fees at market rates for law clerks, paralegals, and unlicensed law school graduates).

Mr. Linfesty performed specific paralegal work at the direction of and with supervision by Attorney Van Kley.  This work considerably reduced the work hours claimed by licensed attorneys in this case and was essential to the presentation of Plaintiffs' claim.   Mr. Linfesty expended 39.8 hours performing billable work.  Ex. 3, Upper Seven Law Timesheet.

Plaintiffs request reimbursement for Mr. Linfesty's performance of paralegal and legal support work at a rate of $80.  In the past ten years, this Court has awarded paralegal fees at rates of $80 to $125 per hour, demonstrating that this request falls on the low end of market rates. *Wigton*, 2021 WL 5579244, at *2 ($80); *Wooten v. BNSF Ry. Co.*, 387 F.

Supp. 3d 1078, 1109 (D. Mont. 2019) ($110); *Myers v. Thompson*, 2019 WL 1369005, at *3 ($125); *Jackson*, 2014 WL 1494551 ($85); *Scottrade, Inc. v. Davenport*, CV 11-03-BLG-RFC, 2012 WL 12887908, at *2 (D. Mont. July 31, 2012) ($120), *vacated on other grounds by Scottrade, Inc. v. Gibbons*, 590 Fed. App'x 657 (9th Cir. 2013).

Plaintiffs do not seek recovery of administrative and other non-legal work performed by Mr. Linfesty. Plaintiffs request only compensation for Mr. Linfesty's creation and analysis of proposed maps and preparation of court filings. Plaintiffs' request a total of $3,184.00 for Mr. Linfesty's work (39.8 hours at $80/hour).

## IV. Plaintiffs' request for costs, including expert fees, is reasonable.

Concurrent with the filing of this motion, Plaintiffs submit a bill of taxable costs for the filing fee and service of process. Plaintiffs also seek other costs and expenses appropriately left out of the bill of costs. *See Grove v. Wells Fargo Financial*, 606 F.3d 577, 579-582 (9th Cir. 2010) ("we repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties").

Plaintiffs request reasonable expert fees of $5,280.00.  Ex. 1, Van Kley Decl., ¶ 13; Ex. 4, Regnier Timesheet.  "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party . . . reasonable expert fees."  52 U.S.C. § 10310(e); *see Raleigh Wake Citizens Ass'n*, 2017 WL 440754, at *9; *see, e.g.*, *Bethune-Hill v. Va. State Bd. of Elections*, 3:14-cv-852, 2020 WL 5577824, at *9 (D. Va. Sept. 17, 2020); *Davis v. Guam*, 11-00035, 2019 WL 1512266, at *17 (D. Guam April 8, 2019); *OCA-Greater Houston v. Texas*, 1:15-cv-00679-RP, 2016 WL 9651777, at *10 (W.D. Tex. Aug. 12, 2016); *Pope v. Cty. of Albany*, No. 1:11-cv-0736 (LEK/CFH), 2015 WL 5510944, at *17 (N.D.N.Y Sept. 16, 2015).  Because Plaintiffs brought suit to enforce the one-person, one-vote rule of the Fourteenth Amendment, an award of expert fees is appropriate under § 10310.

Plaintiffs retained the Honorable Jim Regnier, former Montana Supreme Court Justice and former Chair of the Montana Districting and Apportionment Commission.  His work was invaluable to Plaintiffs in drawing potential maps and assessing the viability of maps.  *See Montes*, 2015 WL 11120966, at *13 (awarding fees to redistricting expert when

"the Court considered all submitted plans" and "plans provided context for the Court's resolution of the motion for summary judgment as well as the ultimate districting"). The parties stipulated to the admissibility of expert reports, including that of Mr. Regnier. Further, prior to their stipulation to forgo live testimony, the parties anticipated hearing testimony from Mr. Regnier and Defendant's expert at the final hearing or bench trial.

Plaintiffs request reasonable travel expenses for Plaintiffs' counsel to attend an in-person meeting in Helena with Plaintiffs and the two court hearings in Missoula. Although Attorney Van Kley argued at both hearings, she received helpful feedback and assistance from Attorneys Sommers-Flanagan and Krautter before, during, and immediately after the January 7 and March 4 hearings. Had all attorneys not been in attendance, Plaintiffs would have incurred additional expenses in the form of hearing transcripts and spent substantially more time in strategic discussions. Attorney Van Kley's travel costs total $132.21; Attorney Sommers-Flanagan's $264.42; and Attorney Krautter's $1,904.61. The travel costs incurred equal $2,301.24. The total costs, including both expert fees and travel costs, amount to $7,581.24.

## CONCLUSION

Plaintiffs respectfully request that the Court award them the following reasonable fees and costs:

| | |
|---|---|
| Attorney's fees: | $125,619.50 |
| Paralegal fees: | $3,184.00 |
| Costs (including expert fees): | $7,581.24 |
| **Total:** | **$136,384.74** |

Plaintiffs further request that the Court order that interest shall accrue at the rate of 1.02% from the date of the judgment until paid. 28 U.S.C. § 1961.

Respectfully submitted this 22nd day of March, 2022.

/s/ *Constance Van Kley*
Constance Van Kley
Rylee Sommers-Flanagan
Upper Seven Law


/s/ *Joel G. Krautter*
Joel G. Krautter
Netzer Law Office P.C.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(2)(E), I hereby certify that this brief includes 3,457 words, excluding caption, certificates, tables, and exhibit index.  The word count was calculated using Microsoft Word.

/s/ *Constance Van Kley*
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed in CM/ECF and served on all registered users.

/s/ *Constance Van Kley*
Attorney for Plaintiffs