Constance Van Kley
Rylee Sommers-Flanagan
  Upper Seven Law
  P.O. Box 31
  Helena, MT 59624
  (406) 306-0330
  constance@uppersevenlaw.com
  rylee@uppersevenlaw.com

Joel G. Krautter
  Netzer Law Office P.C.
  1060 S. Central Ave. Ste. 2
  Sidney, MT 59270
  (406) 433-5511
  joelkrautternlo@midrivers.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| BOB BROWN; HAILEY SINOFF; and DONALD SEIFERT, | |
| *Plaintiffs*, | Cause No. 6:21-cv-92-PJW-DWM-BMM |
| vs. | |
| CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State, | **Reply in Support of Plaintiffs' Motion for Attorney's Fees** |
| *Defendant*. | |

## Table of Contents

Table of Authorities ................................................................................. iii

Introduction ............................................................................................ 1

Argument ................................................................................................ 1

I.    Plaintiffs should be awarded fees because they are prevailing parties who achieved "excellent results." ........................................ 2

    A. Defendant was sued in her capacity as a state enforcement official; her mental state is irrelevant. ......................................... 2

    B. Plaintiffs achieved complete success on their one-person, one-vote claim when the Court adopted Defendant's proposed map with Plaintiffs' suggested modification. ........................................ 4

II.   Plaintiffs' requested fee award is reasonable and well-supported ........................................................................................ 6

    A. Plaintiffs' requested rates are reasonable. ................................... 6

    B. Plaintiffs' requested hours are reasonable. ................................. 9

        1. Plaintiffs reasonably spent time anticipating defenses and clarifying the issues to advance a speedy resolution. ........ 10

        2. Each attorney's involvement in the litigation was reasonable and appropriate. .................................................... 11

        3. Plaintiffs' requested paralegal fees are reasonable. ......... 13

        4. Plaintiffs agree that they cannot seek reimbursement for clerical tasks and withdraw certain entries. ...................... 13

        5. Plaintiffs appropriately seek reimbursement for time spent seeking attorney's fees. ............................................ 14

6. The twelve-factor test supports Plaintiffs' request. .......... 15

III.    Plaintiffs' request for costs is reasonable. ....................................... 15

A. Expert fees are expressly authorized under
   52 U.S.C. § 10310. .............................................................................. 15

B. Travel costs are reimbursable. ...................................................... 15

Conclusion ................................................................................................ 16

## Table of Authorities

### Cases

*Blum v. Stenson*, 465 U.S. 886 (1984)..............................................6, 7, 8, 9

*Brandon v. Guilford Cty. Bd. of Elections*, 921 F. 3d 194
(4th Cir. 2019) .....................................................................................2, 4

*Buffin v. California*, 23 F.4th 951 (9th Cir. 2022) .....................................4

*City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986) ...............................1

*Constitution Party of N.M. v. Duran*, No. CV-12-325 KG/WPL,
2014 WL 12786989 (D.N.M. Oct. 27, 2014) ............................................3

*Crow Indian Tribe v. United States*, CV 17-89-M-DLC, 2021 WL
3142155 (D. Mont. July 26, 2021) .........................................................6

*Democratic Party of Wash. v. Reed*, 388 F.3d 1281 (9th Cir. 2004).....4, 9

*Farrar v. Hobby*, 506 U.S. 103 (1992) ......................................................4

*Fox v. Vice*, 563 U.S. 826 (2011)............................................................16

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992)..............................11

*Harris v. Ariz. Indep. Redistricting Comm'n*, 993 F. Supp. 2d 1042
(D. Ariz. 2014) ......................................................................................4

*Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430 n.16
(7th Cir. 1993) ......................................................................................4

*Henry v. Webermeier*, 728 F.2d 188 (7th Cir. 1984) ..............................12

*Hensley v. Eckerhart*, 461 U.S. 424 (1983).......................................1, 2, 4

*Hutto v. Finney*, 437 U.S. 678 (1978)......................................................4

*In re Kan. Congressional Dist. Reapportionment Cases*, 745 F.2d 610
(10th Cir. 1984) .....................................................................................3

*Jackson v. Bd. of Trs. of Wolf Point*, No. CV-13-65-GF-BMM-RKS,
2014 WL 1794551..................................................................................16

*Johnson v. Mortham*, 950 F. Supp. 1117 (N.D. Fla. 1996).........................3

*Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966
    (E.D. Wash. June 19, 2015) ...................................................................5

*Nance v. Jewell*, No. CV 06-125-BLG-DLC, 2014 WL 948844
    (D. Mont. March 11, 2014).....................................................................8

*Native Ecosystems Council v. Weldon*, 921 F. Supp. 2d 1069
    (D. Mont. 2013)......................................................................................6

*Runs Through v. Dschaak*, CV 20-93-GF-BMM-JTJ, 2022 WL 1060589
    (D. Mont. April 8, 2022) ......................................................................12

*Supreme Court of Va. v. Consumers Union of the U.S.*,
    446 U.S. 719 (1980) ...............................................................................3

*Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*,
    489 U.S. 782 (1989) ...............................................................................1

*Thompson v. Gomez*, 45 F.3d 1365 (9th Cir. 1995) .................................14

*Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v.*
    *Redland Ins. Co.*, 460 F.3d 1253 (9th Cir. 2006) ...........................15, 16

*Victory Processing, LLC v. Knudsen*, CV 12-27-H-CCL,
    2021 WL 587905 (D. Mont. Feb. 16, 2021) .....................................7, 16

### Statutes

28 U.S.C. § 1746 ..........................................................................................9

42 U.S.C. § 1988 ................................................................................2, 14, 15

52 U.S.C. § 10310(e)..........................................................................2, 15

### Rules

Fed. R. Civ. P. 19.........................................................................................5

Fed. R. Civ. P. 20.........................................................................................5

# INTRODUCTION

Plaintiffs received complete relief on their only claim. They achieved "excellent results," and their attorneys therefore "should recover a fully compensatory fee." *City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Plaintiffs ask the Court to grant their motion for attorney's fees and costs in its entirety. Because Plaintiffs withdraw their requests for certain billing entries and costs, Plaintiffs' revised request equals $126,171.23. Plaintiffs ask permission to submit declarations establishing additional fees related to this brief and any hearing on the motion.

# ARGUMENT

## I. Plaintiffs should be awarded fees because they are prevailing parties who achieved "excellent results."

Defendant does not dispute that Plaintiffs succeeded on their single claim for relief—which is, in and of itself, grounds for a fee award. *Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 789–90 (1989). Defendant instead argues that she cannot be forced to pay attorney's fees because she did not cause the constitutional harm alleged and that Plaintiffs did not succeed in full when the Court adopted Defendant's map with modifications. But Defendant's status as an

enforcement official places her in the heartland of civil rights defendants liable for fees, and Plaintiffs achieved their goal in full—declaratory and injunctive relief and the adoption of a lawful and equitable map.

### A. Defendant was sued in her capacity as a state enforcement official; her mental state is irrelevant.

Defendant argues that it is unfair to find against her because she is not the Montana legislature.  Defendant's position is contrary to the core purpose of 42 U.S.C. § 1988 and 52 U.S.C. § 10310(e): these statutes "are not meant to punish defendants for a lack of innocence or good faith but rather to compensate civil rights attorneys who bring cases and win them." *Brandon v. Guilford Cty. Bd. of Elections*, 921 F. 3d 194, 196 (4th Cir. 2019) (cleaned up) (reversing denial of attorney's fees when district court refused to assess fees against entity that "had no hand in enacting the law and did not defend it during the litigation").

Defendant's noninvolvement in matters of legislation is not a "special circumstance[]" warranting departure from the general rule that a prevailing civil rights plaintiff should receive fees. *Hensley*, 461 U.S. at 429 (cleaned up).  Indeed, it is the opposite: "[f]ee awards against enforcement officials are run-of-the-mill occurrences, even though, on occasion, had a state legislature acted or reacted in a different or more

timely manner, there would have been no need for a lawsuit or for an injunction." *Supreme Court of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 739 (1980).  Tellingly, despite the breadth of case law involving fee awards under § 1988, Defendant cites no case in any jurisdiction in which a state official responsible for enforcement avoided a fee award due to the official's innocent mental state.

Other secretaries of state have raised this argument; all have lost. For example, in a redistricting case, the Florida Secretary of State claimed that "she should not be liable for attorney's fees because she had absolutely nothing to do with congressional districting, except to ministerially file and keep laws passed by the legislature." *Johnson v. Mortham*, 950 F. Supp. 1117, 1122–23 (N.D. Fla. 1996), on reconsideration in part, 173 F.R.D. 313 (N.D. Fla. 1997).  The district court rejected the argument, citing § 1988's purpose as ensuring the protection of civil rights.  *Id.*  The Kansas Secretary of State made the same argument and was equally unsuccessful.  *In re Kan. Congressional Dist. Reapportionment Cases*, 745 F.2d 610 (10th Cir. 1984); *accord Constitution Party of N.M. v. Duran*, No. CV-12-325 KG/WPL, 2014 WL 12786989 (D.N.M. Oct. 27, 2014) (New Mexico Secretary of State); *see*

*also Democratic Party of Wash. v. Reed*, 388 F.3d 1281 (9th Cir. 2004) (upholding award of fees against Washington Secretary of State in challenge to blanket primary); *Harris v. Ariz. Indep. Redistricting Comm'n*, 993 F. Supp. 2d 1042, 1065 (D. Ariz. 2014) (noting that plaintiffs failed to seek fees against the secretary of state who "enforces the map," the "one party from whom they could clearly obtain fees").

The rule holds true even where, unlike here, the enforcement official does not increase the costs of litigation by contesting the lawsuit. *Brandon*, 921 F. 3d at 196; *Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430, 1444 n.16 (7th Cir. 1993). Defendant's request to deny all fees and costs is unsupported and unsupportable.[1]

### B. Plaintiffs achieved complete success on their one-person, one-vote claim when the Court adopted Defendant's proposed map with Plaintiffs' suggested modification.

"[T]he most critical factor" in any fee award "is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). Defendant misstates the relief requested, suggesting

---

[1] Upon Defendant's request, the Court could order that the fee award be funded by the State of Montana. *Buffin v. California*, 23 F.4th 951, 960–64 (9th Cir. 2022); *see Hutto v. Finney*, 437 U.S. 678, 700 (1978). Plaintiffs take no position about the appropriate source of funds.

that Plaintiffs' interest was in a specific map.  But Plaintiffs sought implementation of a lawful and equitable map.  (*See* Docs. 22 at 40, 34 at 11.)  Plaintiffs proffered maps to assist the Court in determining how best to afford meaningful relief, not to achieve a specific outcome.  *See Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966, at *13 (E.D. Wash. June 19, 2015) (noting that unused maps "provid[ing] context for the Court's resolution" were "neither frivolous nor unreasonable").  Moreover, the Court adopted the only modification Plaintiffs proposed to Defendant's map.  (Doc. 44 at 36.)

Finally, Defendant's argument is undermined by her claim that she was able to suggest a map "[o]nly through this Court's order" and "under duress."  (Doc. 53 at 31.)  Plaintiffs disagree with this assessment: Defendant was not without options.  She could have refused to defend the law, negotiated a consent decree, filed a motion to join another state actor under Rule 19 or 20, or informally brought in another party to reach a settlement.  Regardless, Plaintiffs proffered maps to aid the Court in assessing available constitutional options; failing to do so would have prevented the timely, efficient litigation of the case.  Without proposed

maps from both parties, it is unlikely that a constitutional map would have been adopted in time for the 2022 election cycle.

## II.  Plaintiffs' requested fee award is reasonable and well-supported.

"[W]hen a plaintiff has obtained 'excellent results' a court must award attorney's fees for all claims—even those that were unsuccessful—if the claims are related to the result." *Native Ecosystems Council v. Weldon*, 921 F. Supp. 2d 1069, 1079 (D. Mont. 2013) (quoting *Hensley*, 461 U.S. at 435).  Here, the results are "excellent."  The Court should reject Defendant's request to limit Plaintiffs' fee award for work directly tied to Plaintiffs' single, successful claim.

### A. Plaintiffs' requested rates are reasonable.

Generally, "[a] reasonable hourly rate is determined by the market rate of members of the corresponding legal community for a lawyer of comparable expertise, reputation, and experience in similarly complex litigation." *Crow Indian Tribe v. United States*, CV 17-89-M-DLC, 2021 WL 3142155, at *11 (D. Mont. July 26, 2021) (citing *Blum v. Stenson*, 465 U.S. 886, 892–95 (1984)).  The fact is that, due to the pyramidal structure of civil defense firms, lawyers of comparable experience rarely lead litigation efforts such as the case at bar.  Even accepting the fiction that

the market rate is anything more precise than a rate "in line with those prevailing in the community for similar services of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 895 n.11, it would be impossible to establish the precise rate for a Montana attorney with the same years of experience doing the same work.

Defendant's affiant makes this point crystal-clear: relying on hearsay from an unknown third party ("one attorney . . . stated"), he claims that the court should award a rate commensurate with that charged by associates at an unidentified "mid-sized, well-established Missoula law firm," ignoring entirely that these associates do not have comparable credentials and do not bring federal election law claims without partner oversight. (Doc. 53-18 at 5.)[2]  In any event, the fact that other attorneys may charge less "does not mean that the rates charged . . . are therefore unreasonable." *Nance v. Jewell*, No. CV 06-125-BLG-

---

[2] In another case within this district, Defendant's affiant was found less than fully persuasive, in part because "[a]lthough Mr. Metropoulos claims to be generally familiar with the hourly rates of attorneys in Montana, his expertise relates specifically to 'the hourly rates awarded by federal courts in Montana and settled on by parties in natural resource and environmental cases'"). *Victory Processing, LLC v. Knudsen*, CV 12-27-H-CCL, 2021 WL 587905, at *3 (D. Mont. Feb. 16, 2021).

*Reply in Support of Motion for Attorney's Fees*                    7

DLC, 2014 WL 948844, at *3 (D. Mont. March 11, 2014); *see also Blum*, 465 U.S. at 895 n.11.

Because of the "inherent[] difficult[y]" in establishing the rate that would be charged by similar attorneys in a similar case, Plaintiffs chose a modest approach. *Blum*, 465 U.S. at 895 n.11. They seek reimbursement for Attorneys Van Kley and Sommers-Flanagan at a rate slightly lower than that charged by an associate with similar credentials, even though associates generally do not assume full responsibility for cases, particularly not federal constitutional challenges litigated before three-judge panels and appealable to the United States Supreme Court. Defendant fails to offer similar evidence, relating through her expert only that some unknown associates with different credentials charge an hourly rate of $180 to $190 to do different work. (Doc. 53-18 at 6.) And Attorney Joel Krautter, a partner, firmly established his market rate of $275 because that is, in fact, the market rate for his work—the rate he ordinarily seeks and receives from his clients. (Doc. 48-5 at ¶ 8.) *See Nance*, 2014 WL 948844, at *3 (using counsel's ordinary contract rate).

Finally, without citing relevant legal authority, Defendant suggests that the Court should reject Plaintiffs' evidence because their attorney

declarations are "[un]sworn"[3] (Doc. 53 at 14, 22) and they "submit only a self-verification absent any audit of their billed hours" (Doc. 53 at 20). Federal law expressly authorizes the use of declarations offered under penalty of perjury. 28 U.S.C. § 1746. And, setting aside that no one may better attest to the hours worked than the attorneys who did the work, Plaintiffs' affiant did, in fact, review Attorneys Van Kley's and Sommers-Flanagan's billing records. (Doc. 48-7 at 5.)

### B. Plaintiffs' requested hours are reasonable.

In addition to claiming that Plaintiffs' counsel should receive lower hourly rates, Defendant claims that Plaintiffs "overstaff[ed]" the case. (Doc. 53 at 12.) It may well be that counsel for Defendant would have litigated the case differently had they represented Plaintiffs. But that is no reason to conclude that Plaintiffs' approach was unreasonable, particularly given their ultimate success. *See Democratic Party of Wash.*, 388 F.3d at 1287 (when state spent less time "losing the case"

---

[3] In support, Defendant cites *Blum*, in which the Court notes only that the burden falls on the party seeking fees to submit evidence sufficient to establish market rates, including through attorney affidavits. 465 U.S. at 895 n.11. Where, as here, the plaintiff meets the burden, the rate "is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate." *Id.*

*Reply in Support of Motion for Attorney's Fees*                    9

than plaintiffs spent winning it, the difference between the parties' stated hours "supports rather than undermines" the reasonableness of plaintiffs' request).

### 1. Plaintiffs reasonably spent time anticipating defenses and clarifying the issues to advance a speedy resolution.

Defendant suggests that the case was too easy for Plaintiffs' counsel to have worked so hard on it.  Successfully litigating a one-person, one-vote challenge to Montana's Public Service Commission districting plan before a three-judge federal district court, on an expedited timeline with anticipated appeal to the United States Supreme Court, is anything but easy.  If the hours expended by Plaintiffs now appear excessive to Defendant, it is proof that the time was well-spent.  It takes time and hard work to present complicated legal issues simply, and Plaintiffs anticipated—and perhaps effectively closed the door on—several defenses that Defendant ultimately did not raise.

Further, while the parties ultimately stipulated to all relevant facts, Defendant gave no prior indication that this would be the case, requiring Plaintiffs' counsel to prepare to prove the merits of Plaintiffs' claim.  In her Answer, Defendant repeatedly denied that the existing Public Service Commission map was unconstitutionally malapportioned.

(*Compare* Doc. 1 at ¶¶ 1, 3, 4, 5, 25, 43, 44, 45, 46, *with* Doc. 12 at ¶¶ 1, 3, 4, 5, 25, 43, 44, 45, 46.)  During the preliminary injunction hearing, Defendant's counsel argued that a legitimate state interest justified the malapportionment.  Had Plaintiffs failed to present conclusively the facts and law in their filings, Defendant likely would have continued to dispute the merits.

Plaintiffs have shown, through appropriate evidence, the time actually spent litigating this case.  Defendant does not counter this evidence, claiming instead—through a single attorney's affidavit—that other attorneys may have done things differently.  Defendant has not met her burden of "challenging the accuracy and reasonableness of the hours charged or the facts asserted."  *Gates v. Deukmejian*, 987 F.2d 1392, 1398–99 (9th Cir. 1992).

### 2. Each attorney's involvement in the litigation was reasonable and appropriate.

In addition to arguing generally that the Court should defer to Defendant's affiant rather than accept counsel's truthful billing entries, Defendant claims that counsel unnecessarily duplicated efforts.  But Plaintiffs' attorneys each performed essential roles in moving this litigation forward.  Although Attorney Van Kley was lead counsel, all

three attorneys performed meaningful and important work, assisting with case strategy, reviewing and editing filings, and preparing for hearings.  To the degree that counsels' billing statements vary from one another (i.e., calls to co-counsel), the variations are attributable not to dishonesty or greed but simply to different reasonable billing practices.

Defendant also claims that Plaintiffs improperly seek recovery for travel time.   Plaintiffs request reimbursement only for time spent traveling to court hearings and a single client meeting.   "The presumption" is that "a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's working time." *Runs Through v. Dschaak*, CV 20-93-GF-BMM-JTJ, 2022 WL 1060589, at *3 (D. Mont. April 8, 2022) (quoting *Henry v. Webermeier*, 728 F.2d 188, 194 (7th Cir. 1984)).  Counsel reasonably request reimbursement for travel time for necessary court functions and a single in-person client meeting.

While it was proper for all three attorneys to attend both hearings, Plaintiffs recognize that two attorneys may have sufficed.  In a gesture of good faith, Plaintiffs reduce by half the time spent travelling to and

attending hearings by Attorneys Sommers-Flanagan ((17.5 x $285)/2 = $2493.75) and Krautter ((43.5 x $275)/2 = $5981.25), a total of $8,475.00.

### 3. Plaintiffs' requested paralegal fees are reasonable.

Defendant does not take issue with the rate of $80/hour requested for paralegal work performed by Jacob Linfesty. She claims, though, that Linfesty inappropriately billed for time spent working on Plaintiffs' proposed maps. But, as previously explained, the proposed maps played an important role in advancing this litigation. By assigning a large part of the task of creating and finalizing maps to Linfesty, Plaintiffs considerably reduced the number of higher-cost attorney hours expended. The remainder of the challenged hours—with the exception of clerical tasks, discussed below—represent necessary legal work performed at the direction of counsel.

### 4. Plaintiffs agree that they cannot seek reimbursement for clerical tasks and withdraw certain entries.

Defendant correctly points out that Attorney Van Kley and Linfesty included billing entries for certain clerical tasks. Plaintiffs agree that 2.0 hours (2 x $275 = $550) of Van Kley's claimed time is not compensable. Plaintiffs also agree that Linfesty's time spent preparing two briefs for

filing (1.3 x $80 = $104) cannot be reimbursed.  Accordingly, Plaintiffs withdraw their request for those billing entries.

### 5. Plaintiffs appropriately seek reimbursement for time spent seeking attorney's fees.

Under § 1988, "recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ("merits fees") as well as fees incurred while pursuing merits fees ("fees-on-fees"). *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995).[4]  Because Plaintiffs were successful on the merits of their claim and because they seek only reasonable fees, they should receive a full award for counsel's work on the attorney's fee motion.  *See Weldon*, 921 F. Supp. 2d at 1081 (citing *Thompson*, 45 F.3d at 1367–68).

Plaintiffs ask the Court to allow them to file supplemental declarations establishing additional fees incurred in: (1) preparing this brief; and (2) preparing for and participating in a hearing on this motion, if held.

---

[4] Defendant writes that "Plaintiffs submitted their motion prior to any offer of settlement on fees."  (Doc. 53 at 10, 22.)  While Plaintiffs believe this statement is misleading at best, there is no need to create a sideshow: no case Defendant cited so much as suggests that a plaintiff must offer to settle before filing a fees motion.

### 6. The twelve-factor test supports Plaintiffs' request.

As explained in Plaintiffs' opening brief, the twelve factors outlined in *Hensley* either support or do not affect Plaintiffs' request. (*See* Doc. 48 at 14–21.)

### III. Plaintiffs' request for costs is reasonable.

#### A. Expert fees are expressly authorized under 52 U.S.C. § 10310.

Plaintiffs appropriately seek expert fees for the work performed by Plaintiffs' expert, the Honorable Jim Regnier, whose work advanced this litigation substantially.

Defendant does not dispute that 52 U.S.C. § 10310 provides for an award of expert fees. Instead, she claims that Plaintiffs were required to cite § 10310 in their Complaint to later seek fees. Rule 8(a) does not require parties to identify all statutes that may affect a fee award. Further, parties are not required to know if they will retain experts when they file a complaint. There is no support for Defendant's position.

#### B. Travel costs actually expended are reimbursable.

"[A]ttorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee-paying client . . . ." *Trs. of the Constr. Indus. & Laborers Health & Welfare*

*Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).  It is standard to charge clients for reasonable travel costs.  *Victory Processing*, 2021 WL 587905, at *7; *Jackson v. Bd. of Trs. of Wolf Point*, No. CV-13-65-GF-BMM-RKS, 2014 WL 1794551, at *6.  Plaintiffs nonetheless reduce Attorneys Sommers-Flanagan's and Krautter's travel costs by half in a gesture of good faith (($264.42 + $1904.61)/2 = $1084.52).  *See supra* p. 13.

## CONCLUSION

"[T]rial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Plaintiffs' request, if granted, would meet the standard of "rough justice."

Applying the reductions outlined above, Plaintiffs request fees and costs of $126,171.23 ($136,384.75 – $8475 – $654 – $1084.52).  Plaintiffs further ask the Court to allow them to file supplemental declarations establishing time spent on this brief and any related hearing.

Respectfully submitted this 5th day of May, 2022.

/s/ *Constance Van Kley*
Constance Van Kley
Rylee Sommers-Flanagan
Upper Seven Law

/s/ *Joel G. Krautter*
Joel G. Krautter
Netzer Law Office P.C.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(2)(E), I hereby certify that this brief includes 3,239 words, excluding caption, certificates, tables, and exhibit index.  The word count was calculated using Microsoft Word.

/s/ *Constance Van Kley*
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed in CM/ECF and served on all registered users.

/s/ *Constance Van Kley*
Attorney for Plaintiffs